280

United States District Court
Southern District of Texas
FILED
APR 1 7 2001
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAQUEL O. RODRIGUEZ, as legal guardian of JOSE L. RODRIGUEZ,

Plaintiff,

vs.

RIDDELL, INC.; and ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN,

Defendants.

Case No. B-96-cv-177

**PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE
DISCLOSURE OF EXPERT WITNESSES**

**COMES NOW** the Plaintiff, by and through her counsel of record, and hereby objects to the Defendants' disclosure of expert witnesses filed April 13, 2001, in which Defendants disclose twelve new experts, in addition to those they called at the trial of this matter in March, 1999, on the grounds that the disclosure of said experts is intended solely to harass Plaintiff and delay retrial of this matter to the Plaintiff's prejudice.[1]  Plaintiff requests that the Court refuse to allow Defendants to call any new experts at the retrial of this matter.

---

[1] Prior to the first trial, Defendants disclosed nine experts of which seven testified at trial, including three neurosurgeons, two engineers, a biomechanist and a helmet designer. These witnesses testified on the following disciplines: neurology, neurosurgery, pathology, radiology, biomechanics, and engineering. Defendants now seek to call the following additional, new experts: Dr. Ashare (specialty unknown), Robert Cantu (neurosurgeon), Vincent DiMaio (pathologist), Alisa Green (neuroradiologist), Stephan Horner (economist), Thad Ide (engineer), Donna Johnson (specialty unknown) Robert Jones (pathologist), Kathleen Kagan-Hallett (pathologist), John Newman (engineer), William Queale (epidemiologist), and Richard Charles Senelick (specialty unknown). The Defendants have now

*PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE DISCLOSURE OF EXPERT WITNESSES – 1*

Plaintiff's opposition to Defendants' late designation of experts is based upon the following:

- Defendants failed to timely disclose the twelve new experts in violation of the Court's original Scheduling Order and orders modifying the deadlines for disclosure of expert witnesses prior to the March, 1999, trial of this matter.

- Defendants had ample opportunity, prior to trial in March, 1999, to obtain additional experts to rebut Plaintiff's experts, including a neuroradiologist. In fact, Defendants' counsel represented to this Court that he had met with a neuroradiologist and that he was going to give Plaintiff a neuroradiologist's report "within one week." (Transcript of Telephonic Pretrial Conference, dated February 19, 1999, pp. 18-19.)

- Defendants disclosed two new experts, Lawrence Thibault, a biomechanicist, and Robert Jones, M.D., a neuropathologist, as well as a new defense theory regarding the age of Jose Rodriguez's blood clot, two days before jury selection on March 3, 1999. Despite this late disclosure, the Court accommodated Defendants' requests and allowed Dr. Thibault to testify at trial and Dr. Ommaya to testify concerning Defendants' new defense theory.

- Defendants did not challenge nor appeal the Court's rulings regarding Defendants' expert witnesses to the Fifth Circuit Court of Appeals.

- This Court has broad discretion to limit discovery and evidentiary proof at a new trial. The district court's discretion in managing trials "extends on remand to all areas not covered by the higher court's mandate." *Martin's Hearend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 775-76 (5th Cir. 1999) ("[b]ased on [defendant's] post-remand proffering of additional evidence without any explanation of why it did not offer it at the first trial, and based on the injustice that might result for [plaintiff] in having to prepare for this new evidence, the court did not abuse its discretion in limiting [defendant] to the witnesses and evidence it offered at the first trial.")

- The only basis for the Fifth Circuit's remand and reversal was the Court's jury charge.

- Defendants' experts called at the first trial testified as to all issues raised by Plaintiff's experts, including some additional issues, i.e., causation, mechanism of injury, biomechanical accident analysis, preexisting conditions, and the existence of extra-cranial injury.

- Limiting Defendants to the experts and evidence they offered at the first trial would not result in manifest injustice because Defendants either knew or should have known that these new witnesses, including their subject expertise, may have been necessary at the

---

disclosed twenty-one experts.

*PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE DISCLOSURE OF EXPERT WITNESSES – 2*

first trial. *American Int'l Trading Corp. v. Petroleos Mexicano*, 835 F.2d 536, 539 (5th Cir. 1987).

WHEREFORE, Plaintiff respectfully requests that this Court limit the Defendants to the experts and evidence they offered at the first trial and deny any further discovery in this matter which would unduly delay the retrial.

DATED this 16th day of April, 2001.

EVANS, KEANE LLP

By _Rex Blackburn, by SE, with permission_
Rex Blackburn
State Bar No. 3170
Paul J. Augustine
State Bar No. 4608
EVANS, KEANE LLP
1101 W. River Street, Suite 200
P.O. Box 959
Boise, ID 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514

Mark D. Kamitomo
State Bar No. 18803
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201
Telephone: (509) 747-0902
Facsimile: (509 747-1993

J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
State Bar No. 00936270
Federal ID No. 6822
1200 Central Boulevard
Artemis Square, Suite H-2
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408

*PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE DISCLOSURE OF EXPERT WITNESSES – 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2001, a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, and addressed to; by fax transmission to; by overnight delivery to; or by personally delivering to or leaving with a person in charge of the office as indicated below:

| | |
|---|---|
| Robert B. Summers | [ x ] U.S. Mail |
| ROBERT B. SUMMERS & ASSOCIATES | [ x ] Fax: (915) 248-0110 |
| P.O. Box 398 | [  ] Overnight Delivery |
| Llano, TX 78643 | [  ] Messenger Delivery |

_____
J. Arnold Aguilar

*PLAINTIFF'S OBJECTION TO DEFENDANTS' LATE DISCLOSURE OF EXPERT WITNESSES – 4*