283

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, as legal guardian of JOSE L. RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RIDDELL, INC.; and ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN,<br><br>Defendants. | Case No. B-96-cv-177 |

**MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS
WITH THE COURT AND MEMORANDUM IN SUPPORT**

**COMES NOW** the Plaintiff, by and through her counsel of record, and moves this Court for an Order requiring Defendants' counsel to immediately return the trial exhibits to the Court in Brownsville. This Motion is made based upon the Affidavit of Rex Blackburn and the supporting Memorandum contained herein.

In support of this Motion, Plaintiff will show the Court the following:

- Defendants' counsel, Robert Summers, took physical possession of the trial exhibits from the Fifth Circuit Court of Appeals, on an unknown date, without notice to Plaintiff or her counsel.

- Mr. Summers has maintained possession of these exhibits at his office in Llano, Texas since they were released to him by the Fifth Circuit Court of Appeals. Plaintiff has not inspected the exhibits since Mr. Summers came into possession of them.

- Despite Plaintiff's requests to Mr. Summers that he immediately transfer possession of these exhibits to the Court in Brownsville, he has refused to do so. (See Affidavit of Rex

*MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT AND MEMORANDUM IN SUPPORT* - 1

Blackburn in Support of Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court, Exhibits "A" and "B.")

- Plaintiff needs access to these exhibits in order to adequately prepare for and conduct trial.

WHEREFORE, Plaintiff respectfully request this Court enter an Order requiring Defendants to immediately deposit the trial exhibits with the Court.

**DATED** this 19th day of April, 2001.

EVANS, KEANE LLP

By _____

Rex Blackburn
State Bar No. 3170
Paul J. Augustine
State Bar No. 4608
EVANS, KEANE LLP
1101 W. River Street, Suite 200
P.O. Box 959
Boise, ID 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514

Mark D. Kamitomo
State Bar No. 18803
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201
Telephone: (509) 747-0902
Facsimile: (509 747-1993

J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
State Bar No. 00936270
Federal ID No. 6822
1200 Central Boulevard
Artemis Square, Suite H-2
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408

*MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT AND MEMORANDUM IN SUPPORT – 2*

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Defendants' counsel, Robert Summers, requesting that he immediately return the trial exhibits to the Court on Tuesday, April 17, 2001. He stated that he would not do so until the week of April 23, 2001.

_____
PAUL J. AUGUSTINE

*MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT AND MEMORANDUM IN SUPPORT – 3*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2001, a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, and addressed to; by fax transmission to; by overnight delivery to; or by personally delivering to or leaving with a person in charge of the office as indicated below:

Robert B. Summers  [✓] U.S. Mail
ROBERT B. SUMMERS & ASSOCIATES  [✓] Fax: (915) 248-0110
P.O. Box 398  [ ] Overnight Delivery
Llano, TX 78643  [ ] Messenger Delivery

_____
J. ARNOLD AGUILAR

*MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT AND MEMORANDUM IN SUPPORT – 4*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, as legal guardian of JOSE L. RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RIDDELL, INC.; and ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN,<br><br>Defendants. | Case No. B-96-cv-177 |

### AFFIDAVIT OF REX BLACKBURN IN SUPPORT OF PLAINTIFF'S MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT

STATE OF IDAHO   )
                 : ss.
County of Ada    )

REX BLACKBURN, being first duly sworn upon oath, deposes and states:

1. I am an attorney duly authorized to practice before this Court pursuant to an Order of Admission *Pro Hac Vice*, and that I have been designated by the Court as attorney-in-charge relative to the above-captioned action.

2. Attached hereto as Exhibit "A" is a true and correct copy of correspondence from counsel for Plaintiff to counsel for Defendants dated April 10, 2001.

3. Attached hereto as Exhibit "B" is a true and correct copy of correspondence from counsel for Plaintiff to counsel for Defendants dated April 10, 2001.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
REX BLACKBURN

SUBSCRIBED AND SWORN TO before me this 18th day of April, 2001.



_Elisabeth Jo Luchini_
Notary Public for Idaho
Residing at Boise, Idaho
My Commission expires: 7-8-06

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2001, a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, and addressed to; by fax transmission to; by overnight delivery to; or by personally delivering to or leaving with a person in charge of the office as indicated below:

Robert B. Summers          [✓] U.S. Mail
ROBERT B. SUMMERS & ASSOCIATES   [✓] Fax: (915) 248-0110
P.O. Box 398               [ ] Overnight Delivery
Llano, TX 78643            [ ] Messenger Delivery

_Rex Blackburn, by J.O.Q._
REX BLACKBURN    _with permission_

_AFFIDAVIT OF REX BLACKBURN IN SUPPORT OF PLAINTIFF'S MOTION FOR IMMEDIATE DEPOSIT OF TRIAL EXHIBITS WITH THE COURT - 2_

ClibPDF - www.fastio.com

# EXHIBIT "A"

Case 1:96-cv-00177  Document 283  Filed in TXSD on 04/19/2001  Page 7 of 14

ClibPDF - www.fastio.com

# EVANS, KEANE LLP

*Attorneys at Law*

Boise Office

Member, Commercial Law Affiliates
with Independent Firms in
Principal Cities Worldwide

1101 W. River Street, Suite 200
P.O. Box 959
Boise, Idaho 83701-0959

Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail: firm@ekidalaw.com
Website: http://www.ekidalaw.com

**Rex Blackburn**
rex@ekidalaw.com

April 10, 2001

*Via Facsimile:* (915) 248-0110

Robert B. Summers, Esq.
Robert B. Summers & Associates
Post Office Box 398
Llano, TX 78643

    Re:    *Rodriguez v. Riddell, et al.*

Dear Bob:

    This letter is to confirm our conversation of April 9, 2001, and to advise regarding the Plaintiff's intentions relative to notification by the U.S. District Court Clerk to all parties yesterday that Judge Vela intends to commence the re-trial of this matter on April 27 (jury selection; final pretrial, April 26). Initially, let me extend my congratulations on your return to work following successful shoulder surgery.

    When I spoke with you yesterday, you indicated that you intended to request of the Court that it vacate the re-trial, and not schedule re-trial for at least 120 days, so that the Defendants could conduct additional discovery and retain additional expert witnesses. This is consistent with your strategy communicated to me after the Fifth Circuit Court of Appeals issued its Opinion, that the Defendants intended to retain new experts in lieu of Drs. McElhaney, Gennarelli and Thibault.

    As I indicated during our conversation yesterday, the Plaintiff will strenuously object to any effort on the part of the Defendants to conduct discovery which could have been conducted before the first trial, or to proffer new expert witnesses to opine with regard to disciplines or subject matter areas which were the subject of testimony by Defendants' experts at the first trial. While you may not feel that your experts "performed" to your expectations at the first trial, this does not constitute good cause for calling new experts, particularly when measured against the prejudice to the Plaintiff in the form of additional costs and delay.

    To the extent that you attempt to justify the retention of new experts in the fields of neuroradiology and neuropathology, you undoubtedly recall that before the first trial you were given the opportunity to retain a neuroradiologist, represented to the Court that you had contacted at least two, and elected instead to utilize Drs. Gennarelli and Ommaya to opine

Robert B. Summers
April 10, 2001
Page 2

regarding neuroradiologic issues. Moreover, just days before the first trial began, you were permitted by the Court to offer neuropathological evidence through a neuropathologist whom you had just disclosed (Dr. Jones), but again elected to call Dr. Ommaya to address this subject. I would also note that at the first trial you presented the testimony of two biomechanicists, Drs. Thibault and McElhaney, who addressed issues of causation. Like Dr. Jones, you disclosed Dr. Thibault just days before the first trial began. I also note that the Defendants failed on appeal to raise an issue regarding the Trial Court's rulings relative to additional experts by the Plaintiffs and by the Defendants. This issue has thus been waived on re-trial. Given these circumstances, I am confident that the trial court will, in its sound discretion, deny your motion to present new expert testimony or conduct additional discovery.

In our conversation yesterday, I also indicated that we would advise as to the availability of our experts to commence trial on April 27. We have confirmed the availability of all of Plaintiffs' experts, save two from whom we are awaiting word. If any witness on behalf of any party, whether expert or otherwise, is truly unavailable for trial, and a party makes the requisite showing of unavailability, their prior trial testimony will presumably be admissible. The availability of witnesses, therefore, should not be an impediment to commencing the re-trial as scheduled. It is the Plaintiffs' intention to proceed to re-trial, as ordered. In this regard, I understand that your office has taken possession from the Fifth Circuit of all trial exhibits. I assume you will immediately return them to the District Court.

Finally, as I indicated yesterday, given that the final pretrial is scheduled for April 26 in Brownsville, but that we had previously planned to meet in Chicago on April 24 to discuss settlement, it would seem to make sense that we attempt to reschedule our settlement conference to an earlier date. I also suggested that the conference take the form of a mediation before one of the Federal Magistrates in Brownsville, assuming they are available. I'll give you a call to discuss these possibilities.

                                      Very truly yours,

                                      EVANS/KEANE LLP

                                      Rex Blackburn

RB:el
cc:   Mark D. Kamitomo
       J. Arnold Aguilar
       Roman D. Esparza
       Mark T. Curry

1283-2

# EXHIBIT "B"

ClibPDF - www.fastio.com

# EVANS, KEANE LLP

*Attorneys at Law*

**Boise Office**

Member, Commercial Law Affiliates
with Independent Firms in
Principal Cities Worldwide

1101 W. River Street, Suite 200
P.O. Box 959
Boise, Idaho 83701-0959

Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail: firm@ekidalaw.com
Website: http://www.ekidalaw.com

**Rex Blackburn**
rex@ekidalaw.com

April 10, 2001

<u>VIA FACSIMILE</u>: *(915) 248-0110*

Robert B. Summers, Esq.
Robert B. Summers & Associates
Post Office Box 398
Llano, TX 78643

Re:    *Rodriguez v. Riddell, et al.*

Dear Bob:

     This afternoon we received via fax transmission the Court's Notice setting the matter for final pretrial and jury selection on May 31 and June 1, 2001. Since we had been informed by the Court's Clerk yesterday that the final pretrial and jury selection would be set for April 26 and 27, respectively, we contacted Deputy Clerk Mardis to determine why the dates had changed. Ms. Mardis informed a representative of Mr. Aguilar's office that you had contacted her and represented that:

     1.    Neither party could be prepared to commence trial with the April setting; and

     2.    That the Fifth Circuit still had possession of the trial exhibits.

     If you made these representations, they are false. With regard to the first point, I informed you yesterday that I was checking on the availability of our experts for trial to commence in April, and that I would notify you of our availability today. I sent you a letter earlier today indicating our ability to proceed with trial in April.

     Second, both you and Barbara advised me that the exhibits were in your possession and that they had been obtained by your office from the Fifth Circuit (under circumstances unbeknownst to us).

Robert B. Summers
April 10, 2001
Page 2

      Be advised that I intend to bring this matter to the attention of the Trial Court.

      Very truly yours,

EVANS, KEANE LLP

Rex Blackburn

RB:el
cc:    Mark D. Kamitomo
       J. Arnold Aguilar
       Roman D. Esparza
       Mark T. Curry

1283-2

Case 1:96-cv-00177    Document 283    Filed in TXSD on 04/19/2001    Page 12 of 14

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ and<br>JOSE L. RODRIGUEZ | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. |
| RIDDELL SPORTS, INC., RIDDELL<br>INC., ALL AMERICAN SPORTS<br>CORPORATION d/b/a RIDDELL/ALL<br>AMERICAN | §<br>§<br>§<br>§ | B - 96 - 177 |

## ORDER SETTING HEARING

On this _____ day of _____, 2001, came to be considered **Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court and Memorandum in Support** in the above styled and numbered cause.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court be and is hereby set for hearing on the _____ day of _____, 2001, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2001.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ and<br>JOSE L. RODRIGUEZ | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| RIDDELL SPORTS, INC., RIDDELL<br>INC., ALL AMERICAN SPORTS<br>CORPORATION d/b/a RIDDELL/ALL<br>AMERICAN | §<br>§<br>§<br>§ | B - 96 - 177 |

## ORDER

On the _____ day of _____, 2001, this cause came for hearing on *Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court and Memorandum in Support.*

After hearing the argument of counsel thereon, the Court is of the opinion that Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court should be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Immediate Deposit of Trial Exhibits with the Court is GRANTED and Defendants are hereby ordered to submit the trial exhibits by April _____, 2001.

SIGNED on this the _____ day of _____, 2001.

                                                                                         U.S. DISTRICT JUDGE

ClibPDF - www.fastio.com