272

United States District Court
Southern District of Texas
FILED

APR 2 5 2001

Michael N. Milby
Clerk of Court

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ AND JOSE L. RODRIGUEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. B-CV-96-177 |
| RIDDELL SPORTS, INC. RIDDELL, INC. ALL AMERICAN SPORTS CORPORATION D/B/A RIDDELL/ALL AMERICAN AND CHRIS HOODMAN | § § § § § § | |

## DEFENDANTS' MOTION FOR BIFURCATED TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

**RIDDELL, INC. AND ALL AMERICAN SPORTS CORPORATION**, askss the corut to biurcate this trial separating the rial of the liability facts from the trial of the damages. pursuant to Federal Rules of Civil Procedure 42(b).

1.   "The district court may bifurcate a trial provided that this ruiling 1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejuidice the non-moving party; and 3) does not violate the 7th Amendment." <u>Krocka v. City of Chicago</u>, 203 F3d 507, 516 (7th Cir.2000).

2.   This product liability action alleges improper design of a football helmet. Plaintiff, as a result of a closed brain injury, has been in a vegetative state since football play on August 24, 1995. The evidence on damages will be highly emotional, sympathy provoking and prejudicial and will likely effect a jury's decision on the terms of liability.

3.   It is fully expected that Plaintiffs will be using a "day in a life video" to demonstrate Plaintiff's condition. This video has no bearing whatsoever on the liability aspect of this matter. Specifically, liability deals mainly with the design of a football helmet and a play in a football scrimmage. While damages will solely depend on Plaintiff's physical condition. The evidence on damages has no relevance to the liability

PAGE 1

issues.

4.      It is fully expected that Plaintiffs will want to parade Jose Rodriguez in front of the jury in his bed making involuntary moans on a periodic basis. He did this in the last trial. Plaintiff is unaware of his sounds, these are mere reflexes.

5.      Trying the liability damages separately will avoid prejudicial evidence from clouding the jury's judgment. Furthermore, it will not require the reintroduction of similar evidence which will require a jury to pass differently on any particular issues. Bifurcation will eliminate or reduce the presentation of lengthy evidence. Specifically, if as Defendants believe, no liability is found, there will be no need for the damages portion of this trial. If in the unlikely event liability is established, the trial may continue with presentations on damages. See McDaniel v. Anheuser-Busch,Inc., 987 F2d 298, 304 fn. 19 (5th Cir. 1993).

6.      If there is any relevance to liability issues of Plaintiff's day in the life video or Plaintiff's presence in the courtroom such is far outweighed by the prejudicial effect of such video or presence.

RIDDELL, INC. AND ALL AMERICAN SPORTS CORPORATION request that this cause of action be bifurcated for trial in a manner convenient with the Court so that this matter can be tried fairly and nonprejudicially to Defendants and Plaintiffs alike.

Respectfully submitted,

Robert L. Guerra
State Bar No. 08578560
THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 E. Dove
McAllen, Texas 78504
956-630-3080 Telephone
956-630-0189 Facsimile

ROBERT B. SUMMERS & ASSOCIATES
P. O. Box 398
Llano, Texas  78643
(915) 248-0033-Phone
(915) 248-0110-Fax

**PAGE 2**

BY _____

ROBERT B. SUMMERS
State Bar No. 19507000
ANN H. MEGEE
State Bar No. 13902700
Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

This is to certify that I had a conference with Plaintiffs' counsel, Rex Blackburn, and

he refused to agree to this motion.

_____
Robert Summers

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above was forwarded by telefax

transmission and certified mail, return receipt requested to counsel of record on this the

25th day of April, 2001.

Mr. Rex Blackburn
**EVANS, KEANE L.L.P.**
1101 W. River Street, Suite 200
P.O. Box 959
Boise, Idaho 83701-0959
VIA FAX 208-345-3514
Telephone 208-384-1800

Mr. Mark D. Kamitomo
**THE MARKAM GROUP, INC., P.S.**
421 West Riverside, Suite 1060
Spokane, WA 99201
VIA FAX 509-747-1993
Telephone 509-747-0902

Mr. J. Arnold Aguilar
1200 Central Blvd.
Artemis Square, Suite H-2
Brownsville, TX 78520
VIA FAX 956-504-1408
Telephone 956-504-1100

**PAGE 3**

Mr. Mark T. Curry
**HUGHES, WATTERS & ASKANASE, LLP**
1415 Louisiana, 37th Floor
Houston, Texas 77002
VIA FAX  713/759-6834
Telephone 713-759-0818

Mr. Ramon Esparza
Renfro, Faulk & Blakemore
185 Ruben M. Torres, Sr. Blvd.
Brownsville, TX 78520
via fax 956-541-9695
telephone 956-541-9600

_____
Robert Summers

**PAGE 4**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **RAQUEL O. RODRIGUEZ**<br>**AND JOSE L. RODRIGUEZ** | § <br> § <br> § | |
| **VS.** | § | **CIVIL ACTION NO. B-CV-96-177** |
| | § | |
| **RIDDELL SPORTS, INC.** | § | |
| **RIDDELL, INC.** | § | |
| **ALL AMERICAN SPORTS CORPORATION** | § | |
| **D/B/A RIDDELL/ALL AMERICAN** | § | |
| **AND CHRIS HOODMAN** | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE

On this _____ day of _____, 1999, came the

Defendant's Motion to Bifurcate Trial.  The Court having considered the pleadings on

file herein, evidence, and arguments of counsel, is of the opinion that said motion

should be granted;

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's

Motion to Bifurcate Trial is GRANTED.

SIGNED this _____ day of _____, 2001.


_____
JUDGE PRESIDING

**PAGE 5**