IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ AND JOSE L. RODRIGUEZ | § § § | |
| vs. | § | CAUSE NO. B-96-177 |
| RIDDELL SPORTS, INC., RIDDELL, INC., ALL AMERICAN SPORTS CORPORATION d/b/a RIDDELL/ALL AMERICAN; CHRIS HOODMAN; MONARCH RUBBER COMPANY; AND RUBATEX CORPORATION | § § § § § § § § § | |

### DEFENDANTS' MOTION IN LIMINE

**RIDDELL, INC. AND ALL AMERICAN SPORTS CORPORATION** before a jury has been selected or any evidence has been presented, ask the court to refrain from and to instruct Plaintiff's not to refer to or offer any evidence or make any comments, directly or indirectly, or by insinuation, concerning matters set forth in the below number paragraphs without first taking such matters up at the bench outside the presence and hearing of all jurors, to hear objections and to determine the admissibility of such matters. It is plaintiff's position that the matters are objectionable, inadmissable and should be excluded. If such items are first brought up out in the presence of the jury and defendant has to object in the presence of the jury irreparable and great prejudice will result to defendants and sustaining objections to such references, questions, comments, or offers would not cure such prejudice; but rather, would reinforce the impact of such prejudicial matters on the jurors. It is further requested that counsel for all the parties be instructed to inform his client or their representatives and each of his witnesses of the contents of this Motion, to the end that such Motion not be violated by
-- Page 1 --

United States District Court
Southern District of Texas
FILED

APR 25 2001

Michael N. Milby
Clerk of Court

295

COPY

parties or witnesses. The matters which are the subject of this Motion in Limine are as follows:

1. Plaintiffs will take the position that two foams are used in the Riddell VSR-4 helmet and that one is better than the other or that the other is inferior to the other. Such is not true. Therefore, it is asked that no such mention be made until there is evidence by a qualified expert who has used relevant and reliable techniques to establish that one foam is superior to the other.

2. What Riddell or All American knew and did not know. In this regard we are not attempting to prevent witnesses from reading the contents of any admissible document or introducing such documents but we say it is improper for a witness to say what Riddell knew because of a particular document.

3. Any subsequent change in the design of the VSR4 helmet that is claimed to be a remedial change.

4. NOCSAE standards that went into effect after the manufacture of the helmet in question.

5. That the jury is the equalizer among parties or the conscience of the community or other pleas intended to evoke a sense of community loyalty, duty and expectation on the part of the jury. Westbrook v. General Tire & Rubber Company, 754 F.2d 1233 (5th Cir. 1965); Prudential Fire Ins. Co. v. United Gas Corp., 199 S.W.2d 767 (Tex. 1946).

6. Any reference to the relative wealth or income or difference of the financial ability of the parties. That Plaintiffs are simply common people or relatively poor or unfortunate. Twin City Fire Insurance Company v. Gibson, 488 S.W.2d 565 (Tex.Civ.App. - Amarillo 1972, writ ref'd N.R.E.); Gonzalez v. Volvo of America Corp., 734 F.2d 1221 (7th Cir. 1984).

-- Page 2 --

7. Any comment to the effect that a juror should place himself in the position of the Plaintiffs in this cause and server as an equalizer in determining the controversy in this lawsuit

8. Any mention of the corporate status of the Defendants or that the defendants are large and the plaintiffs are small.

9. Make demands or requests before the jury for matters contained in the files of the Defendants or their attorneys including but not limited to statements, pleadings, charts, photographs or other documents or tangible things.

10. Request the attorneys for Defendants to produce any instruments, or to stipulate to any fact, or to make any sort of agreement in the presence of the jury.

11. That attorneys for Plaintiffs not be permitted to offer into evidence any photographs, movies or videotapes, or to publish such to the jury until there is testimony that the same depicts the "locus in quo", or that the evidentiary predicate or testimony has been introduced which indicates that such depicts the condition substantially as it appeared at the time of the incident; or explaining any material changes occurring in conditions between time at which incident and time at which photographs were taken. Lilley v. Southern Pacific Transportation Company, 584 S.W.2nd 720 (Tex.Civ.App. - Tyler, 1979).

12. That the attorneys for the parties shall be prohibited from exhibiting or displaying in any way before the jury any documents, maps, diagrams, drawings, photographs, videotapes or motion pictures, charts or other visual displays, including but not limited to the "Day in the Life" video

-- Page 3 --

showing Plaintiffs condition and home life until and only if this matter is extended into a damages phase.

13. Exhibiting or displaying in any way before the jury any documents, maps, diagrams, drawings, photographs, videotapes or motion pictures, charts or other visual displays, without first allowing Defendants' counsel to review the same outside the presence of the jury, properly offering said matters into evidence before the Court, and obtaining a favorable ruling thereupon.

14. Should the Plaintiff wish to introduce any photographs, diagrams, graphs, charts, recordings or motion picture films into evidence, that the same be tendered to Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Plaintiff.

15. Making any statement or asking any witness questions concerning, or to inquire about duty, obligation or responsibility; since it is elementary under our law that witnesses are to give evidence as to the facts, and not statements of the law. <u>Adamson v. Burgle</u>, 186 S.W.2nd 388 (Tex. Civ. App. -San Antonio, 1945). <u>Collins V. Gladden</u>, 466 S.W.2nd 629 (Tex. Civ. App. - Beaumont, 1971). The trial judge is charged with determining questions of law and instructing the jury accordingly.

16. Any reference to or asking any witness about the duty of a manufacture other an that a manufacturer has the duty to design a product that does not present unreasonable risk of harm to the consumer or user and to exercise ordinary care. Such improper statements about duty would include, *inter alia*:

-- Page 4 --

      a.      The manufacturer of a piece of safety equipment to protect the head should take all reasonable steps to use the best available materials in their helmets.

      b.      The manufacturer has the responsibility to use the safest reasonable materials.

17. That Jose Rodriguez can feel pain without first establish thru a qualified expert using relevant and reliable techniques or theories that Jose Rodriguez has conscious pain and suffering or mental anguish.

18. Making inquires of lay witness or family members as to what

      a.      They feel or believe that Jose Rodriguez feels, senses or is aware of

      b.      How he reacts to certain people or events, or

      c.      That in their mind he communicates discomfort.

In this regard defendants say that plaintiffs should be required to establish thru a qualified expert using relevant and reliable techniques or theories that Jose Rodriguez has conscious thoughts or conscious pain and suffering or mental anguish.

19. Any attempt to obtain any opinion from any witness without adequate demonstration to the Court that said witness is qualified to render said opinions, and that such opinions are relevant and reliable.

20. Attempt to elicit opinions from a lay witness without showing personal knowledge or rational perception of factual basis.

21. Meetings, conferences or conversations held between Defendants, their agents, servants, employees and its attorneys.

-- Page 5 --

22. Matters which invade the attorney-client privilege or work product privilege.

23. The actions, investigation or discovery of Defendants' attorneys in preparing the case.

24. Any and all matters that have transpired between attorney and client, including conversations and all transactions connected thereto.

25. Any comment, suggestion or reference to any other claims, lawsuits, or litigation in which Defendants may be or may have been involved. <u>St. Paul Fire and Marine Insurance v. Murphree</u>, 357 S.W.2d 744 (Tex. 1962); <u>Brinkley v. Liberty Mutual Insurance Co.</u>, 331 S.W.2d 423 (Tex.Civ.App. - Houston 1959, writ ref'd N.R.E.); <u>Southern Truck Leasing v. Maniera</u>, 325 S.W.2d 912 (Tex.Civ.App. - Houston 1959, writ ref'd N.R.E.); <u>Martinez v. Williams</u>, 312 S.W.2d 742 (Tex.Civ.App. - Houston 1958, no writ history); <u>Chagar v. West Bros.</u>, 589 S.W.2d 185 (Tex.Civ.App. - El Paso, 1979).

26. Any reference to or testimony about prior acts or transactions by Defendants with other persons, in that such are irrelevant, immaterial and highly prejudicial and in violation of the "res inter alios acta" rule that each act or transaction should be established by its own particular facts and circumstances. <u>Texas Farm Bureau Mutual Insurance Company v. Baker</u>, 596 S.W.2d 639 (Tex.Civ.App.-Tyler 1980, writ ref'd N.R.E.). Evidence of prior acts or transactions is incompetent evidence, particularly in civil cases. <u>Texas Osage Co-Operative Royalty Pool v. Cruze</u>, 191 S.W.2d 47 (Tex.Civ.App.-Austin 1945, no writ).

27. Implicitly or expressly raise the issues of prior occurrences which may have taken place with regard to any incidents such as the one involved in

this lawsuit unless the party can show, outside the hearing of the jury, that such prior occurrences involved "similar" or "reasonably similar" conditions; that the connection of the conditions and the other occurrences in the present case were connected in some "special way", and that the incidents in the past and the one in the current case occurred by the same instrumentality. Otherwise, if the party could not satisfy these three criteria, any evidence of other prior occurrences would be of no probative value, irrelevant and would be introduced only for the purpose of attempting to prejudice and inflame the jury against this Defendant and prevent these Defendants from having a fair and impartial trial. <u>Henry v. Mrs. Baird's Bakeries, Inc.</u>, 475 S.W.2d 288 (Tex.Civ.App. - Ft. Worth 1971, writ ref'd N.R.E.); <u>Klorer v. Block</u>, 717 S.W.2d 754 (Tex.Civ.App. - San Antonio, writ ref'd N.R.E.).

28. Not to elicit, attempt to elicit or offer any evidence or make any inquiry or mention from witnesses regarding any opinions which they are not qualified to give.

29. Any reference or attempt is read to the jury of any non-relevant exchanges between counsel for the Plaintiffs and Defendants during depositions for the reason that same is irrelevant. Counsel for Defendants cannot itemize each such exchange in every deposition that has been taken in this cause and would respectfully request that all such exchanges be eliminated from the reading of any deposition in this cause or, in the alternative, that counsel for the Plaintiffs approach the Bench and obtain a ruling as to admissibility of such exchanges prior to any attempt to read same to the jury.

-- Page 7 --

30. Any comment or reference which would imply that Defendants have not fully complied with all motions for production and the rules relating to discovery in this cause; or that Defendants have claimed privilege, as such comments are prohibited by Rule 513, Federal Rules of Evidence.

31. That the opposing party and their counsel not mention or state to the jury the probable testimony of a witness who is absent, unavailable or not called to testify in this cause. <u>General Motor Corporation v. Bryant</u>, 582 S.W.2d (Tex.Civ.App. - Houston [1st Dist.] 1979, writ ref'd N.R.E.).

32. Any reference to the fact that this lawsuit could not be or was not settled, compromised or resolved, or that Defendants never made a settlement offer, including any comments that some cases have to be brought to a jury, it was necessary to file this suit, or other similar comments implying that settlement efforts were unsuccessful.

33. Any comment, suggestion or reference that this Motion has been presented to or rules upon by the Court. In this connection, Defendants move that Plaintiffs' counsel be instructed not to suggest to the jury by argument or otherwise that Defendants have sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties of this lawsuit. <u>Burdick v. York Oil Company</u>, 364 S.W.2d 766 (Tex.Civ.App.-San Antonio 1963, writ ref'd N.R.E.).

34. Any evidence of subsequent remedial measures not be permitted unless a prior ruling is obtained from the court. Fed.R.Civ.E. 407.

Defendants respectfully pray that their Motion in Limine be in all things granted

-- Page 8 --

Respectfully submitted,

Robert L. Guerra
State Bar No. 08578560
THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 E. Dove
McAllen, Texas 78504
956-630-3080 Telephone
956-630-0189 Facsimile

ROBERT B. SUMMERS & ASSOCIATES
P. O. Box 398
Llano, Texas 78643
(915) 248-0033-Phone
(915) 248-0110-Fax

BY _____
ROBERT B. SUMMERS
State Bar No. 19507000
ANN H. MEGEE
State Bar No. 13902700
Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

This is to certify that I had a conference with Plaintiffs' counsel, Rex Blackburn, and he refused to agree to this motion.

_____
Robert Summers

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above was forwarded by telefax transmission and certified mail, return receipt requested to counsel of record on this the 26th day of April, 2001.

Mr. Rex Blackburn
**EVANS, KEANE L.L.P.**
1101 W. River Street, Suite 200
P.O. Box 959
Boise, Idaho 83701-0959
VIA FAX 208-345-3514
Telephone 208-384-1800

-- Page 9 --

Mr. Mark D. Kamitomo
**THE MARKAM GROUP, INC., P.S.**
421 West Riverside, Suite 1060
Spokane, WA  99201
VIA FAX 509-747-1993
Telephone 509-747-0902

Mr. J. Arnold Aguilar
1200 Central Blvd.
Artemis Square, Suite H-2
Brownsville, TX 78520
VIA FAX 956-504-1408
Telephone 956-504-1100

Mr. Mark T. Curry
**HUGHES, WATTERS & ASKANASE, LLP**
1415 Louisiana, 37th Floor
Houston, Texas 77002
VIA FAX  713/759-6834
Telephone 713-759-0818

Mr. Ramon Esparza
Renfro, Faulk & Blakemore
185 Ruben M. Torres, Sr. Blvd.
Brownsville, TX 78520
via fax 956-541-9695
telephone 956-541-9600

_____
Robert Summers

-- Page 10 --