United States District Court
Southern District of Texas
FILED

APR 2 5 2001

Michael N. Milby
Clerk of Court

300

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ | § | |
| AND JOSE L. RODRIGUEZ | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-CV-96-177 |
| | § | |
| RIDDELL SPORTS, INC. | § | |
| RIDDELL, INC. | § | |
| ALL AMERICAN SPORTS CORPORATION | § | |
| D/B/A RIDDELL/ALL AMERICAN | § | |
| AND CHRIS HOODMAN | § | |

<u>DEFENDANTS, RIDDELL, INC. AND ALL AMERICAN SPORTS CORPORATION
D/B/A RIDDELL/ALL AMERICAN'S MOTION FOR JUDGMENT ON PLEADINGS AND
MEMORANDUM IN SUPPORT THEREOF WITH REGARD TO
CONSCIOUS PAIN AND SUFFERING DAMAGES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes All American Sports Corporation d/b/a Riddell/All American and files

this its Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12 (c) and moves

the court to enter Judgment in its favor as Plaintiffs have failed to state a cause of

action upon which they can recover and this party is entitled to judgment as a matter of

law.

I.

Plaintiffs are suing Defendants for conscious pain and suffering

II.

The uncontroverted testimony via Dr. John Cassidy, M.D. with regard to

conscious pain and suffering is as follows: SF 842/20 THROUGH 845/23

20  Q   As part of your practice are you also called upon to
21  evaluate individuals as to whether you can determine whether

22  they are feeling pain or whether they are aware of what is
23  happening?
24  A   Yes, I am.
25  Q   And in this particular case have you done so?

843

1  A   Yes, I have.
2  Q   And will you tell the jury and the Court again what you
3  did in attempting to reach an opinion?
4  A   Well, I asked Joe's brother, Juan, and his mom to come to
5  Houston and bring Joe.  I had --
6          THE COURT:  You have examined Joe, then?
7          THE WITNESS:  Yes, I have.
8          THE COURT:  So the opinion that you gave us regarding
9  expectation of life also entails the fact that you, yourself,
10  examined him?
11          THE WITNESS:  Yes, sir.
12          THE COURT:  Go ahead.
13  BY MR. KAMITOMO:
14  Q   Continue, please.
15  A   They kindly brought him to Houston and I had an
16  opportunity to examine him in my office in late January of
17  this year and had an opportunity to look his body over and
18  also asked his brother and his mom to have him respond to some
19  of their commands or respond to pain.
20          I am not very exited about producing pain in human
21  beings, particularly ones that are not my loved ones, and so I
22  asked his mom and his brother to do that.  And they were able
23  to do that.  And he clearly without question responded to
24  pain, particularly when they tried to move his joints that are
25  really stuck and would move his arm.  And basically anything

844

1  that moved stuff was very painful for him.  His tube in his
2  belly, for example, was painful.  Turning his head to try to
3  have it fit better in the wheelchair was also very painful.
4  And he clearly was responding to pain.
5  Q   So, doctor, even in his current vegetative state it is
6  your opinion that he does feel and respond to pain?
7  A   Oh, yes.
8  Q   And there is no question about that in your mind?
9  A   There is no question about that.
10  Q   How about any awareness on Joe's part about what has
11  happened to him.  Has he got any cognition?  Maybe you can
12  explain to the jury what we have mean by cognition.
13  A   Well, this is another one of those very difficult

14  issues.  It is one that doctors talk a lot about and we don't
15  necessarily have all of the answers regarding them.  But
16  based on that standard of reasonable medical probability,
17  studies that we have do have, lead us to believe that folks
18  with just as severe as Joe's do not have cognitive or thinking
19  ability anymore after that kind of an injury.
20  Q  And in this particular case your opinion is that he does
21  not have that ability?
22  A  Regrettably that is my opinion, yes.
23      THE COURT:  So even though he does not know that he
24  is sick, if you excuse the word "sick," he does experience
25  pain?

845

1      THE WITNESS:  Yes, sir.
2      THE COURT:  Just like, for example, when you talk
3  about pain, like we do?
4      THE WITNESS:  Well, if pain can be -- is experienced
5  throughout the brain at different levels.  And --
6      THE COURT:  For example, if he were to get a shot --
7      THE WITNESS:  Yes, sir.
8      THE COURT:  -- would he -- would he feel that?
9      THE WITNESS:  Yes, sir.
10      THE COURT:  The same as we do?
11      THE WITNESS:  I can't ever do the experiment to ask
12  him later on if he had, so I don't know.  But clearly he
13  would respond as we do in jumping.
14      THE COURT:  A movement ago you were making reference
15  to the fact that when they do therapy where they try to
16  straighten him out, we saw some of that in the film --
17      THE WITNESS:  Yes, sir.
18      THE COURT:  -- that would appear to hurt?
19      THE WITNESS:  Oh, absolutely, yes, sir.
20      THE COURT:  And even though he does not know that he
21  is sick?
22      THE WITNESS:  And that has to do with which level of
23  the brain is responding to the pain, yes.

Since there is no evidence of conscious pain and suffering and mental anguish

Plaintiffs' claim fails as a matter of law entitling this defendant to Judgment on the

Pleadings.

WHEREFORE, PREMISES CONSIDERED, Riddell, Inc. and All American

Sports Corporation d/b/a Riddell/All American respectfully requests this Court grant their Motion for Judgment on Pleadings and that Plaintiffs take nothing against these parties for conscious pain and suffering and mental anguish and for such other and further relief, general, special, legal and equitable to which these parties may show themselves justly entitled.

Respectfully submitted,

ROBERT B. SUMMERS & ASSOCIATES
P. O. Box 398
Llano, Texas  78643
(915) 248-0033-Phone
(915) 248-0110-Fax

BY _____
ROBERT B. SUMMERS
State Bar No. 19507000
ANN H. MEGEE
State Bar No. 13902700
Attorneys for Defendant
Riddell, Inc.

THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.
418 E. Dove
McAllen, Texas 78504
956-630-3080 Telephone
956-630-0189 Facsimile

BY: _____
Robert L. Guerra
State Bar No. 08578560
Attorneys for Defendant Riddell, Inc.

**CERTIFICATE OF CONFERENCE**

This is to certify that I had a conference with Plaintiffs' counsel, Rex Blackburn, and he refused to agree to this motion.

_Robert Summers_

Robert Summers

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above was forwarded by telefax transmission and certified mail, return receipt requested to counsel of record on this the 25th day of April, 2001.

Mr. Rex Blackburn
**EVANS, KEANE L.L.P.**
1101 W. River Street, Suite 200
P.O. Box 959
Boise, Idaho  83701-0959
VIA FAX 208-345-3514
Telephone 208-384-1800

Mr. Mark D. Kamitomo
**THE MARKAM GROUP, INC., P.S.**
421 West Riverside, Suite 1060
Spokane, WA   99201
VIA FAX 509-747-1993
Telephone 509-747-0902

Mr. J. Arnold Aguilar
1200 Central Blvd.
Artemis Square, Suite H-2
Brownsville, TX 78520
VIA FAX 956-504-1408
Telephone 956-504-1100

Mr. Mark T. Curry
**HUGHES, WATTERS & ASKANASE, LLP**
1415 Louisiana, 37th Floor
Houston, Texas 77002
VIA FAX  713/759-6834
Telephone 713-759-0818

Mr. Ramon Esparza
Renfro, Faulk & Blakemore

185 Ruben M. Torres, Sr. Blvd.
Brownsville, TX 78520
via fax 956-541-9695
telephone 956-541-9600

Robert Summers