304

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ, ET AL | § | JUN 0 1 2001 |
| | § | |
| VS. | § | Michael N. Milby |
| | § | Clerk of Court |
| RIDDELL SPORTS, INC.; | § | |
| RIDDELL INC.; | § | CIVIL ACTION NO. **B-CV-96-177** |
| ALL AMERICAN SPORTS | § | |
| CORPORATION DBA RIDDELL | § | |
| ALL AMERICAN; CHRIS HOODMAN; | § | |
| RUBATEX CORPORATION; AND | § | |
| MONARCH RUBBER COMPANY | § | |

### THE MARKAM GROUP, INC., P.S. and MARK D. KAMITOMO'S
### MOTION TO INTERVENE AND TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **The Markam Group, Inc., P.S. and Mark D. Kamitomo (hereinafter "Markam" and "Kamitomo", respectively),** lead counsel for Plaintiffs Raquel Rodriguez, et al, and file this their Motion to Intervene and to Consolidate pursuant to Federal Rules of Civil Procedure 24 and 42. These motions are unopposed by defendant Riddell, et al and plaintiff Raquel Rodriguez, et al (The Rodriguez Family). In furtherance of these motion Markam and Kamitomo would respectfully show unto the Court as follows:

## I. INTRODUCTION

This case (hereinafter referred to as the **"Rodriguez Litigation"** arises out of a severe head injury to Jose Rodriguez. This head injury has left Plaintiff, Jose Rodriguez in a mentally incapacitated state. Jose Rodriguez's mother, Raquel Rodriguez originally brought this case individually and as next friend of Jose Rodriguez. Since Raquel Rodriguez was asserting an

45437:968302.1:053101

independent claim and also asserting a claim on behalf of Jose Rodriguez, and because of Jose Rodriguez's mental incompetence, the Court appointed a guardian ad litem to protect Jose Rodriguez's interests.

The "Rodriguez Litigation" was tried and went to verdict before this very Court where a sizeable judgment was obtained. Nevertheless, the United States Court of Appeals for the Fifth Circuit reversed the award and rendered judgment in favor of one of the defendants, Riddell Sports, Inc. Thereafter, the remaining parties to the "Rodriguez Litigation" appeared for a second trial in Brownsville, Texas on April 30, 2001. The trial was reset but the parties were ordered to mediation by the Honorable Judge Filemon B. Vela whereupon a final settlement was reached settling the underlying "Rodriguez Litigation" for a confidential sum.

While the "Rodriguez Litigation" was ongoing, Kamitomo was sued in Civil Action No. C-99-199 by Plaintiff, Wyatt & Wyatt in the United States District Court for the Southern District of Texas, Corpus Christi Division. Wyatt & Wyatt sued Kamitomo seeking a declaratory judgment determining its right to fees and costs stemming from its one time involvement as local counsel to Kamitomo in the "Rodriguez Litigation". This case is currently still pending.

It is anticipated that plaintiffs in this matter (Raquel Rodriguez, et al) will make a motion for judgment on the settlement reached at mediation. At the time of entry of judgment in this case, it will be necessary for the Court, pursuant to its inherent duty to protect the interest of minors and incompetents that come before the Court, as well as authority granted by the law of the State of Texas, to approve the settlement as well as the attorney's fees and costs incurred in prosecution of this cause on behalf of incompetent plaintiff, Jose Rodriguez.

Kamitomo has a claim for and is entitled to an award of attorney's fees against any judgment in favor of Plaintiffs (Raquel Rodriguez, et al) for legal services and costs incurred in providing legal services to Plaintiffs as more fully set forth in Kamitomo's Original Complaint in Intervention, a copy of which is attached hereto as Exhibit "A". In short, Kamitomo has a contingency fee contract with the Plaintiffs which gives him a percentage interest in Plaintiffs' judgment in this case. Markam has incurred costs in prosecution of this case on behalf of Plaintiffs and a claim has been asserted against Kamitomo and Markam by Wyatt & Wyatt to recover fees arising from Plaintiff's recovery in this case. Kamitomo and Markam claim an interest relating to the property or transaction which is the subject of this action and are so situated that the disposition of the action may, as a practical manner, impair or impede their ability to protect that interest. Further, Markam and Kamitomo's interests are not adequately protected by the existing parties in the case. Thus, Kamitomo and Markam are entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. The Fifth Circuit law is clear and unequivocal. In the alternative, Kamitomo and Markam are asserting a claim for attorney's fees and expenses (costs) and the question of law and fact which will govern said award are in common with the issues the Court will have to address in approving attorney's fees and expenses (costs) for the incompetent Plaintiff; thus, intervention is appropriate as a permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

Kamitomo and Markam ask this Court to allow them to intervene to protect their right to recover fees and costs and to consolidate the two suits because the facts in Civil Action

No. C-99-199 currently pending in Corpus Christi, Texas, are both similar and substantially related to the subject matter in Civil Action No. B-CV-96-177, currently pending in Brownsville, Texas.

## II.  ARGUMENT AND AUTHORITIES

### A.  Motion to Intervene

Kamitomo and Markam are entitled to intervene as a matter of right pursuant to Rule 24(a)(2).  This rule provides:

> Upon timely application, anyone shall be permitted to intervene in an action. . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In the present action, both Kamitomo and Markam are entitled to intervene as a matter of right on the basis that they are asserting their rights to recover attorney's fees pursuant to a contingency fee contract and they are asserting a lien on the proceeds of the settlement before entry of the final judgment.  The law of the Fifth Circuit is well established that a party who has a lien on proceeds of a judgment or settlement has a sufficient interest to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. See Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1920), cert den'd 91 S.Ct. 1118, 400 U. S. 878, 27 L.Ed. 2d. 115 (1970). Furthermore, intervention by a party whose interest in a litigation has a lien on the proceed is proper anytime before final judgment. Lalic v. Chicago Burlington and Quincy RR Co., 263 F.Supp. 987, 988 (N.D. Ill 1967).

45437:968302.1:053101                        -4-

## B.    Motion to Consolidate

Kamitomo and Markam ask that Civil Action No. C-99-199 currently pending in the Corpus

Christi Division be consolidated with the present action.  Federal Rule of Civil Procedure 42(a)

states that

> When actions involving a common question of law or fact are
> pending before the Court, it may order a joint hearing or trial of any
> or all of the matters in issue in the actions; it may order all of the
> actions consolidated; and it may make such orders concerning
> proceedings therein as may tend to avoid unnecessary cost and delay.

A settlement in the "Rodriguez Litigation", Civil Action No. B-CV-96-177 has been reached

between the plaintiffs *Raquel Rodriguez, et al* and the remaining Defendants.  However, before the

case can be disposed of, this Honorable Court will have to enter a judgment approving the settlement

and award the attorney's fees and costs incurred because one of the plaintiffs, Jose Rodriguez, is

incompetent.[1]  "Judicial ratification of the parties' compromise of the lawsuit [where a minor is

involved is] . . . not a purely ministerial act but a responsibility at the very core of the judicial

function." Hoffert v. General Motors Corp., 656 F.2d 161, 165 (1981).  This presents a problem

because a dispute currently exists as to the apportionment of fees and the entitlement to the amount

of costs between Kamitomo (lead counsel for the Rodriguezes) and Wyatt & Wyatt (former local

counsel for the Rodriguezes).  In addition to the dispute over apportionment of fees, Plaintiff Wyatt

& Wyatt is claiming entitlement to reimbursement of costs in the amount of $28,166.89.  In contrast,

---

[1]During the course of litigation and prior to settlement, the Court appointed an attorney *ad litem* to
protect the interests of Plaintiff, Jose Rodriguez.  The ad litem attorney, Mr. Roman Esparza, will
undoubtedly make a recommendation to this Court as to whether or not the settlement reached by
the parties should be accepted and approved by the Court.  Assuming his recommendation is
accepted, the Court will enter a judgment approving the settlement which will affect not only the
amount that the Rodriguez family is able to net from the settlement, but also the amount of Wyatt
& Wyatt's claim.  Specifically, it is Kamitomo's position that court approval of the settlement will also
foreclose Wyatt & Wyatt's claim for fees in this matter as the Judgment will award fees and costs and
the right to intervene is mandatory and thus, lost if not used.

Kamitomo believes that Wyatt & Wyatt has only legitimately expended approximately $9,791.94 in costs. Initially, this would not appear to cause a problem in terms of affecting the present lawsuit (the settlement) or the suit between Wyatt & Wyatt and Kamitomo because the measure of fees awarded remain the same no matter to whom they are awarded (40%). However, the judgment entered by the court will have to make a finding as to (1) whom should be awarded attorney fees and (2) as to the appropriate amount of costs. These findings will not only affect Wyatt & Wyatt, but also the Rodriguez plaintiffs. Specifically, the costs awarded will be paid out of the settlement reached at mediation, and as such, will affect the amount of settlement the Rodriguez family is able to net from the settlement.

Further complicating the matter is the fact that if the cases are not consolidated settlement could be disrupted and/or delayed. Specifically, counsel for Riddell has been put on notice that a fee dispute exists between Wyatt & Wyatt and Kamitomo in the Corpus Christi case. If the remaining Riddell defendants make any payment of attorney fees in this case (the "Rodriguez Litigation") after having been made aware that a possible lien exists against such fees by Wyatt & Wyatt, then Riddell runs the risk of subjecting itself to further liability. If however, the cases are consolidated, then Riddell could interplead the settlement funds until final resolution between Kamitomo and Wyatt & Wyatt has been reached.

Accordingly, consolidation is warranted because the proceedings in both of the above-referenced civil actions involve a common party,[2] common issues of law[3], common issues of fact[4], will eliminate any risk of prejudice or confusion, if any exists, will eliminate the risk of inconsistent

---

[2]    See Seguro de Servicio de Salud v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989).

[3]    See Young v. City of Augusta, 59 F.3d 1160, 1168-69 (11th Cir. 1995).

[4]    See Mary Ellen Enters v. Camex, Inc., 68 F.3d 1065, 1073 (8th Cir. 1995).

adjudication of common factual and legal issues,[5] will conserve judicial resources,[6] and will reduce

the time and expense of trying the action separately.[7]

      **WHEREFORE, PREMISES CONSIDERED**, Defendants, **The Markam Group, Inc.,**

**P.S. and Mark D. Kamitomo** respectfully requests that this Court consolidate Civil Action

No. C-99-199 currently pending in the Corpus Christi Division with Civil Action No. B-CV-96-177

currently pending in the Brownsville Division of the Southern District of Texas and for such other

and further relief, both general and special, at law and in equity, to which Defendants may be justly

entitled.

                  Respectfully submitted,

                  Keith N. Uhles
                  Federal I. D. No. 1936
                  State Bar No. 20371100
                  Ewing E. Sikes, III
                  Federal I.D. No. 19534
                  State Bar No. 00794631
                  Attorneys for Defendants,
                  **THE MARKAM GROUP, INC., P.S. and**
                  **MARK D. KAMITOMO**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas   78523-3509
Telephone:  (956) 542-4377
Telecopier:  (956) 542-4370

---

[5]     See Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993).

[6]     See fn #4.

[7]     See fn #5.

## CERTIFICATE OF CONSULTATION

I hereby certify that my office has consulted with opposing counsel for Riddell, counsel for the Rodriguez Family and the Court appointed ad litem attorney, Roman Esparza and they advised that they are not opposed to the Defendants' Motion to Intervene and to Consolidate. However, counsel for Wyatt & Wyatt is opposed.

*Eddie Sihu*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above of the foregoing document has been forwarded, via the designated method to all counsel of record on this _1st_ day of **June, 2001**, as follows:

| | |
|---|---|
| Dino Esparza<br>RENTFRO, FAULK & BLAKEMORE, L.L.P.<br>185 E. Ruben M. Torres Sr. Blvd.<br>Brownsville, Texas 78520 | **Via Fax: (956) 541-9695** |
| Robert Guerra<br>THORNTON, SUMMERS, BIECHLIN,<br>  DUNHAM & BROWN, L.C.<br>418 East Dove Avenue<br>McAllen, Texas 78504 | **Via Fax: (956) 630-0189** |
| Robert Summers<br>SUMMERS & ASSOCIATES<br>P. O. Box 398<br>Llano, Texas 78643 | **Via Fax: (915) 248-0110** |
| Arnold J. Aguilar<br>LAW OFFICE OF ARNOLD J. AGUILAR<br>1200 Central Boulevard, Suite H-2<br>Brownsville, Texas 78520 | **Via Fax: (956) 504-1408** |
| Mark Travis Curry<br>HUGHES, WATTERS & AKANASE, L.L.P.<br>1415 Louisiana, 37th Floor<br>Houston, Texas 77002-7354 | **Via Fax: (713) 759-6834** |

Michael Rodriguez                              **Via Fax: (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
Brownsville, Texas 78520

Mark Kamitomo                                  **Via Fax: (509) 747-1993**
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201

Rex Blackburn                                  **Via Fax: (208) 345-3514**
EVANS, KEANE
1101 W. River St., Suite 200
P. O. Box 959
Boise, ID 83701-0959

Van Huseman                                    **Via Fax: (361) 883-0210**
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473



_Eddie Wiley_

**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ, ET AL | § | |
| | § | |
| VS. | § | |
| | § | |
| RIDDELL SPORTS, INC.; | § | CIVIL ACTION NO. <u>B-CV-96-177</u> |
| RIDDELL, INC.; | § | |
| ALL AMERICAN SPORTS | § | |
| CORPORATION DBA RIDDELL/ | § | |
| ALL AMERICAN; | § | |
| CHRIS HOODMAN; RUBATEX | § | |
| CORPORATION; AND MONARCH | § | |
| RUBBER COMPANY | § | |

## COMPLAINT IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now into Court, through undersigned counsel, comes and appears Intervenors, MARK D. KAMITOMO (hereinafter sometimes referred to as "Kamitomo") and THE MARKAM GROUP, INC., P. S.(hereinafter referred to as "Markam") and sets forth a cause of action against Wyatt & Wyatt, P.C. (hereinafter sometimes referred to as "Cross-Plaintiff"), Plaintiff, Raquel O. Rodriguez individually and Plaintiff, Jose Rodriguez, by and through his guardian ad litem and next friend, to protect Kamitomo's contractual entitlement to attorney's fees during his representation of the Plaintiffs in connection with the prosecution of this claim and pursuant to 28 U.S.C. §2201, *et. seq.* and for cause of action would show more fully as follows:

## I.

## PARTIES

1.1    Intervenor, Mark A. Kamitomo is an individual who represents Plaintiffs in this cause and is a resident of the State of Washington.

45437:882797.2:053101

1.2     Intervenor, The Markam Group, Inc. is a professional corporation which is a resident of the State of Washington.

1.3     Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez have appeared herein through their attorney of record and the interests of Jose Rodriguez are being protected by the guardian ad litem. Raquel O. Rodriguez and Jose Rodriguez are residents of the Southern District of Texas.

1.4     Wyatt & Wyatt, P.C. is a professional corporation with its principal office at 4825 Everhart, Corpus Christi, Texas 78411 and has appeared in Civil Action No. C-99-199 which Intervenors has asked to be consolidated with the present action.

## II.

## <u>JURISDICTION</u>

The Court has jurisdiction over the claims in this Complaint in Intervention pursuant to its diversity jurisdiction, 28 U.S.C. §1332 since Kamitomo and Markam are residents of the State of Washington and Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez and cross-Plaintiff, Wyatt & Wyatt are residents of the State of Texas. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. §1367 as part of its supplemental jurisdiction.

## III.

Intervenor, Kamitomo was engaged by Plaintiff, Raquel O. Rodriguez, individually and as next friend of Jose Rodriguez to advise, counsel and represent Plaintiffs to recover their right for damages. Under the conditions of this contingency fee agreement, Kamitomo is to receive forty percent (40%) of any recovery either by way of settlement or verdict. Subsequently, Kamitomo entered into an arrangement with approval of plaintiff with Wyatt & Wyatt, with the consent of Plaintiffs for Wyatt & Wyatt to serve as local counsel in this case. Markam had not been formed at

that time and was not a party to the agreement. Wyatt & Wyatt did not live up to many of its agreements and arrangements to serve as local counsel. As one of many examples, Wyatt & Wyatt failed to timely respond to discovery served by then Defendant, Rubatex Corporation and thereby waived objections to the discovery requests, to the detriment of Plaintiffs. As another example, Wyatt & Wyatt attempted to convince the Rodriguez family to fire Kamitomo and proceed with representation solely by Wyatt & Wyatt. As a result, Kamitomo and Plaintiffs terminated Wyatt & Wyatt's relationship as attorneys for Plaintiffs for good cause. Subsequently, attorney Arnold Aguilar was retained by Kamitomo, with the consent of Plaintiffs, to act as local counsel in this matter. Some of the expenses incurred in prosecution of this matter were incurred by Markam. This case proceeded to trial with Kamitomo acting as lead attorney and a substantial jury verdict was rendered in favor of Plaintiffs. The verdict was overturned on appeal but the case has since been settled for a confidential sum.

## IV.

Plaintiff, Jose Rodriguez is mentally incompetent and, consequently, the Court has appointed a guardian ad litem pursuant to the Federal Rules of Civil Procedure. As part of the Court's inherent duty to protect the interests of minors and incompetents as well as pursuant to the Court's authority and duty pursuant to Texas law sitting in diversity, the Court must review and approve the attorney's fees and expenses claimed by Plaintiffs' attorneys in this case.

## V.

Wyatt & Wyatt has filed a declaratory judgment action which is currently pending in the United States District Court for the Southern District of Texas, Corpus Christi Division in which it claims that the Plaintiffs agreed to the joint representation by Wyatt & Wyatt and Kamitomo and

Markam of the Plaintiffs and that Plaintiffs signed a contingency fee contract in favor of Wyatt & Wyatt. Wyatt & Wyatt further contends that the Plaintiffs also consented in writing to the division of attorney's fees and expenses between Wyatt & Wyatt and Kamitomo and Markam. Additionally, Wyatt & Wyatt contend that Wyatt & Wyatt and Kamitomo and Markam agreed that each would pay one-half of the costs associated with preparing and trying this suit. Further, Kamitomo and Markam and Wyatt & Wyatt also agreed that there would be an equal division of any attorney's fees recovered. In said suit, Wyatt & Wyatt request declaratory relief as to the rights of Kamitomo, Markam and Wyatt & Wyatt.

Kamitomo does not contest the rights of Wyatt & Wyatt to recover an hourly rate of $135 an hour for attorney time Wyatt & Wyatt expended in this matter as well as the right to obtain reimbursement for expenses reasonably incurred in prosecution of this case. In the alternative, Kamitomo does not contest Wyatt & Wyatt's right to recover a small fee in quantum meruit out of the recovery in this case. However, Kamitomo contests Wyatt & Wyatt's claim of entitlement to share equally in attorney's fees recovered in this case and contests Wyatt & Wyatt's claim of right to recovery in contract, and specifically contests the validity of the contingency fee contract between Wyatt & Wyatt and Plaintiffs. Markam contests any claim of relationship with Wyatt & Wyatt. Further, Kamitomo has learned through discovery that Wyatt & Wyatt is claiming entitlement to costs in the amount of $28,166.89. In contrast, Kamitomo believes that Wyatt & Wyatt has only legitimately expended approximately $9,791.94 in costs. Thus, a dispute exists over the proper measure of costs that Wyatt & Wyatt is entitled to.

## VI.

As a result, an actual controversy within the jurisdiction of this Court exists. Pursuant to 28 U.S.C. §2201, *et. seq.*, Intervenor requests that this Court declare the rights and other legal relations of Kamitomo, Markam, Wyatt & Wyatt, and Plaintiffs in regard to attorney's fees and expenses in prosecution of this case.

## VII.

Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Kamitomo requests that the Court order a speedy hearing of this action for declaratory judgment and that this matter be advanced on the calendar of the Court.

**WHEREFORE, PREMISES CONSIDERED,** Intervenors, Kamitomo and Markam pray that as part of the judgment in this case the Court enter an order approving the attorney's fees to be paid to Plaintiffs' counsel in this case, that the Court adjudge the entitlement to attorney's fees between Kamitomo, Markam, Wyatt & Wyatt, and the Plaintiffs, and for such other and further relief, both general and special, at law and in equity, to which Intervenors may show themselves justly entitled.

Respectfully submitted,

Keith N. Uhles
Federal ID No. 1936
State Bar of Texas No. 2037110
Ewing E. Sikes, III
Federal ID No. 19534
State Bar of Texas No. 00794631
Attorney for Intervenors,
**MARK D. KAMITOMO and**
**THE MARKAM GROUP, INC., P.S.**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Tel:  (956) 542-4377
Fax:  (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above of the foregoing document has been forwarded, via the designated method to all counsel of record on this ___1st___ day of **June, 2001**, as follows:

Dino Esparza                                          **Via Fax: (956) 541-9695**
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres Sr. Blvd.
Brownsville, Texas 78520

Robert Guerra                                         **Via Fax: (956) 630-0189**
THORNTON, SUMMERS, BIECHLIN,
   DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504

Robert Summers                                        **Via Fax: (915) 248-0110**
SUMMERS & ASSOCIATES
P. O. Box 398
Llano, Texas 78643

Arnold J. Aguilar                                     **Via Fax: (956) 504-1408**
LAW OFFICE OF ARNOLD J. AGUILAR
1200 Central Boulevard, Suite H-2
Brownsville, Texas 78520

Mark Travis Curry                                     **Via Fax: (713) 759-6834**
HUGHES, WATTERS & AKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354

45437:882797.2:053101                    -6-

Michael Rodriguez                                    <u>**Via Fax: (956) 541-2170**</u>
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
Brownsville, Texas 78520

Mark Kamitomo                                        <u>**Via Fax: (509) 747-1993**</u>
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201

Rex Blackburn                                        <u>**Via Fax: (208) 345-3514**</u>
EVANS, KEANE
1101 W. River St., Suite 200
P. O. Box 959
Boise, ID 83701-0959

Van Huseman                                          <u>**Via Fax: (361) 883-0210**</u>
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473


_Eddie Shes_

Of **ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

45437:882797.2:053101