

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, ET AL | § |
| | § |
| VS. | § |
| | § |
| RIDDELL SPORTS, INC.; | § |
| RIDDELL, INC.; | § |
| ALL AMERICAN SPORTS | § |
| CORPORATION DBA RIDDELL/ | § |
| ALL AMERICAN; | § |
| CHRIS HOODMAN; RUBATEX | § |
| CORPORATION; AND MONARCH | § |
| RUBBER COMPANY | § |

CIVIL ACTION NO. B-CV-96-177

## COMPLAINT IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now into Court, through undersigned counsel, comes and appears Intervenors, MARK D. KAMITOMO (hereinafter sometimes referred to as "Kamitomo") and THE MARKAM GROUP, INC., P. S.(hereinafter referred to as "Markam") and sets forth a cause of action against Wyatt & Wyatt, P.C. (hereinafter sometimes referred to as "Cross-Plaintiff"), Plaintiff, Raquel O. Rodriguez individually and Plaintiff, Jose Rodriguez, by and through his guardian ad litem and next friend, to protect Kamitomo's contractual entitlement to attorney's fees during his representation of the Plaintiffs in connection with the prosecution of this claim and pursuant to 28 U.S.C. §2201, *et. seq.* and for cause of action would show more fully as follows:

### I.

### PARTIES

1.1 Intervenor, Mark A. Kamitomo is an individual who represents Plaintiffs in this cause and is a resident of the State of Washington.

45437:882797.2:053101

1.2    Intervenor, The Markam Group, Inc. is a professional corporation which is a resident of the State of Washington.

1.3    Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez have appeared herein through their attorney of record and the interests of Jose Rodriguez are being protected by the guardian ad litem. Raquel O. Rodriguez and Jose Rodriguez are residents of the Southern District of Texas.

1.4    Wyatt & Wyatt, P.C. is a professional corporation with its principal office at 4825 Everhart, Corpus Christi, Texas 78411 and has appeared in Civil Action No. C-99-199 which Intervenors has asked to be consolidated with the present action.

## II.

## JURISDICTION

The Court has jurisdiction over the claims in this Complaint in Intervention pursuant to its diversity jurisdiction, 28 U.S.C. §1332 since Kamitomo and Markam are residents of the State of Washington and Plaintiffs, Raquel O. Rodriguez and Jose Rodriguez and cross-Plaintiff, Wyatt & Wyatt are residents of the State of Texas. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. §1367 as part of its supplemental jurisdiction.

## III.

Intervenor, Kamitomo was engaged by Plaintiff, Raquel O. Rodriguez, individually and as next friend of Jose Rodriguez to advise, counsel and represent Plaintiffs to recover their right for damages. Under the conditions of this contingency fee agreement, Kamitomo is to receive forty percent (40%) of any recovery either by way of settlement or verdict. Subsequently, Kamitomo entered into an arrangement with approval of plaintiff with Wyatt & Wyatt, with the consent of Plaintiffs for Wyatt & Wyatt to serve as local counsel in this case. Markam had not been formed at

that time and was not a party to the agreement. Wyatt & Wyatt did not live up to many of its agreements and arrangements to serve as local counsel. As one of many examples, Wyatt & Wyatt failed to timely respond to discovery served by then Defendant, Rubatex Corporation and thereby waived objections to the discovery requests, to the detriment of Plaintiffs. As another example, Wyatt & Wyatt attempted to convince the Rodriguez family to fire Kamitomo and proceed with representation solely by Wyatt & Wyatt. As a result, Kamitomo and Plaintiffs terminated Wyatt & Wyatt's relationship as attorneys for Plaintiffs for good cause. Subsequently, attorney Arnold Aguilar was retained by Kamitomo, with the consent of Plaintiffs, to act as local counsel in this matter. Some of the expenses incurred in prosecution of this matter were incurred by Markam. This case proceeded to trial with Kamitomo acting as lead attorney and a substantial jury verdict was rendered in favor of Plaintiffs. The verdict was overturned on appeal but the case has since been settled for a confidential sum.

## IV.

Plaintiff, Jose Rodriguez is mentally incompetent and, consequently, the Court has appointed a guardian ad litem pursuant to the Federal Rules of Civil Procedure. As part of the Court's inherent duty to protect the interests of minors and incompetents as well as pursuant to the Court's authority and duty pursuant to Texas law sitting in diversity, the Court must review and approve the attorney's fees and expenses claimed by Plaintiffs' attorneys in this case.

## V.

Wyatt & Wyatt has filed a declaratory judgment action which is currently pending in the United States District Court for the Southern District of Texas, Corpus Christi Division in which it claims that the Plaintiffs agreed to the joint representation by Wyatt & Wyatt and Kamitomo and

Markam of the Plaintiffs and that Plaintiffs signed a contingency fee contract in favor of Wyatt & Wyatt. Wyatt & Wyatt further contends that the Plaintiffs also consented in writing to the division of attorney's fees and expenses between Wyatt & Wyatt and Kamitomo and Markam. Additionally, Wyatt & Wyatt contend that Wyatt & Wyatt and Kamitomo and Markam agreed that each would pay one-half of the costs associated with preparing and trying this suit. Further, Kamitomo and Markam and Wyatt & Wyatt also agreed that there would be an equal division of any attorney's fees recovered. In said suit, Wyatt & Wyatt request declaratory relief as to the rights of Kamitomo, Markam and Wyatt & Wyatt.

Kamitomo does not contest the rights of Wyatt & Wyatt to recover an hourly rate of $135 an hour for attorney time Wyatt & Wyatt expended in this matter as well as the right to obtain reimbursement for expenses reasonably incurred in prosecution of this case. In the alternative, Kamitomo does not contest Wyatt & Wyatt's right to recover a small fee in quantum meruit out of the recovery in this case. However, Kamitomo contests Wyatt & Wyatt's claim of entitlement to share equally in attorney's fees recovered in this case and contests Wyatt & Wyatt's claim of right to recovery in contract, and specifically contests the validity of the contingency fee contract between Wyatt & Wyatt and Plaintiffs. Markam contests any claim of relationship with Wyatt & Wyatt. Further, Kamitomo has learned through discovery that Wyatt & Wyatt is claiming entitlement to costs in the amount of $28,166.89. In contrast, Kamitomo believes that Wyatt & Wyatt has only legitimately expended approximately $9,791.94 in costs. Thus, a dispute exists over the proper measure of costs that Wyatt & Wyatt is entitled to.

## VI.

As a result, an actual controversy within the jurisdiction of this Court exists. Pursuant to 28 U.S.C. §2201, *et. seq.*, Intervenor requests that this Court declare the rights and other legal relations of Kamitomo, Markam, Wyatt & Wyatt, and Plaintiffs in regard to attorney's fees and expenses in prosecution of this case.

## VII.

Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Kamitomo requests that the Court order a speedy hearing of this action for declaratory judgment and that this matter be advanced on the calendar of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Intervenors, Kamitomo and Markam pray that as part of the judgment in this case the Court enter an order approving the attorney's fees to be paid to Plaintiffs' counsel in this case, that the Court adjudge the entitlement to attorney's fees between Kamitomo, Markam, Wyatt & Wyatt, and the Plaintiffs, and for such other and further relief, both general and special, at law and in equity, to which Intervenors may show themselves justly entitled.

Respectfully submitted,

*/s/ Eddie Sikes*

Keith N. Uhles
Federal ID No. 1936
State Bar of Texas No. 2037110
Ewing E. Sikes, III
Federal ID No. 19534
State Bar of Texas No. 00794631
Attorney for Intervenors,
**MARK D. KAMITOMO and
THE MARKAM GROUP, INC., P.S.**

45437:882797.2:053101

-5-

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Tel:  (956) 542-4377
Fax:  (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above of the foregoing document has been forwarded, via the designated method to all counsel of record on this 1st day of **June, 2001**, as follows:

| | |
|---|---|
| Dino Esparza<br>RENTFRO, FAULK & BLAKEMORE, L.L.P.<br>185 E. Ruben M. Torres Sr. Blvd.<br>Brownsville, Texas 78520 | **Via Fax: (956) 541-9695** |
| Robert Guerra<br>THORNTON, SUMMERS, BIECHLIN,<br> DUNHAM & BROWN, L.C.<br>418 East Dove Avenue<br>McAllen, Texas 78504 | **Via Fax: (956) 630-0189** |
| Robert Summers<br>SUMMERS & ASSOCIATES<br>P. O. Box 398<br>Llano, Texas 78643 | **Via Fax: (915) 248-0110** |
| Arnold J. Aguilar<br>LAW OFFICE OF ARNOLD J. AGUILAR<br>1200 Central Boulevard, Suite H-2<br>Brownsville, Texas 78520 | **Via Fax: (956) 504-1408** |
| Mark Travis Curry<br>HUGHES, WATTERS & AKANASE, L.L.P.<br>1415 Louisiana, 37th Floor<br>Houston, Texas 77002-7354 | **Via Fax: (713) 759-6834** |

45437:882797.2:053101

| | |
|---|---|
| Michael Rodriguez<br>Eduardo Rodriguez<br>RODRIGUEZ, COLVIN & CHANEY<br>1201 E. Van Buren Street<br>Brownsville, Texas 78520 | **Via Fax: (956) 541-2170** |
| Mark Kamitomo<br>THE MARKAM GROUP, INC., P.S.<br>421 West Riverside, Suite 1060<br>Spokane, Washington 99201 | **Via Fax: (509) 747-1993** |
| Rex Blackburn<br>EVANS, KEANE<br>1101 W. River St., Suite 200<br>P. O. Box 959<br>Boise, ID 83701-0959 | **Via Fax: (208) 345-3514** |
| Van Huseman<br>Cliff Gordon<br>WHITE, HUSEMAN & PLETCHER<br>600 Leopard Street, Suite 2100<br>Corpus Christi, Texas 78473 | **Via Fax: (361) 883-0210** |

*[signature: Eddie Shes]*

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.