IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, ET AL § | |
| § | |
| VS. § | |
| § | |
| RIDDELL SPORTS, INC.; § | CIVIL ACTION NO. **B-CV-96-177** |
| RIDDELL INC.; § | |
| ALL AMERICAN SPORTS § | |
| CORPORATION DBA RIDDELL § | |
| ALL AMERICAN; CHRIS HOODMAN; § | |
| RUBATEX CORPORATION; AND § | |
| MONARCH RUBBER COMPANY § | |

**MOTION FOR EXPEDITED HEARING ON**
**MOTION TO INTERVENE AND TO CONSOLIDATE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **The Markam Group, Inc., P.S. and Mark D. Kamitomo (hereinafter referred to as Intervenors)** and request that the Court enter an order setting an expedited hearing on the Motion to Intervene and to Consolidate and in support thereof would show more fully as follows:

I.

On June 1, 2001, Intervenors filed a Motion to Intervene and to Consolidate. This motion is not opposed by the Riddell Defendants in this cause but is opposed by Wyatt & Wyatt in the cause sought to be consolidated. Pursuant to Rule 6D of the Local Rules, this motion will be submitted to the Judge 20 days from filing or on June 21, 2001. Rule 6, however, allows this Court to enter orders shortening this time.

45437:970536.1:060601

## II.

Intervenors have now learned that the Court has entered an Order scheduling a hearing in this matter on June 19, 2001, for the purpose of conducting a friendly suit hearing in order to finalize the settlement reached at mediation between the Rodriguez Plaintiffs and the Riddell Defendants. As set forth in more detail in the Motion to Intervene and to Consolidate, one of the essential functions to be performed by this Court at the hearing of June 19, 2001 will be to approve the cost and attorney's fees incurred on behalf of the incompetent plaintiff as well as attorney fees.

## III.

Intervenors wish to in no way delay the hearing scheduled for June 19, 2001 and believe that it is in the interest of the Rodriguez Plaintiffs and Riddell Defendants for the settlement to be finalized.

## IV.

If the intervention and consolidation is not granted and/or heard at or before the time of the friendly suit hearing, settlement of this matter could be impaired.

A. There are several reasons why it is essential that the Court deal with the consolidation issue at or before the friendly suit hearing. First, by seeking approval of the Rodriguez Plaintiffs-Riddell Defendants settlement, the Intervenors are invoking the equitable power of the Court to approve the settlement agreement to distribute the proceeds and this Court must scrutinize the reasonableness of the contingent attorney fee contract which effects the net recovery of Plaintiffs. Hoffert v. General Motors Corp., 656 F.2d 161 (5th Cir. 1981). Intervenors are making a claim for attorney's fees and costs pursuant to a contingency fee contract signed by or on behalf of the Rodriguez Plaintiffs. Wyatt & Wyatt is also making a claim for costs and attorney's fees related to

this settlement and Wyatt & Wyatt claims that a second contingency fee contract was signed in Wyatt & Wyatt's favor by Plaintiff, Raquel Rodriguez. Consequently, it is essential that at the time of the friendly suit hearing, Wyatt & Wyatt be present before the Court so the Court can fully exercise its equitable powers.

      B.    Furthermore, it is essential to protect the rights of the Rodriguez Plaintiffs for Wyatt & Wyatt to be present at the friendly suit hearing. First, there is a line of Texas cases pursuant to which the Riddell Defendants run the risk of paying a portion of the settlement proceeds twice if the attorney fee claim of Wyatt & Wyatt is not addressed. <u>Kull v. Brown</u>, 165 S.W.2d 1011, 1013-14 (Tex.Civ.App.-Texarkana 1942, no writ), and <u>Trinity River Authority of Texas v. Badders</u>, 453 S.W.2d 304, 309 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ). In this case, this risk also belongs to the Rodriguez Plaintiffs because as part of the settlement agreement, the Rodriguez Plaintiffs are agreeing to indemnify Riddell. Thus, if the settlement goes forward without Wyatt & Wyatt's presence in the case and Wyatt & Wyatt later asserts a claim against Riddell for attorney fees, the Rodriguez Plaintiffs would be exposed on an indemnity claim by the Riddell Defendants. Second, there is a line of cases pursuant to which the Rodriguez Plaintiffs run the risk of paying double attorney's fees, once herein, and later to Wyatt & Wyatt if Wyatt & Wyatt is not before the Court at the time of the friendly suit hearing. <u>Honeycutt v. Billingsley</u>, 992 S.W.2d 570 (Tex.App.-Houston [1st Dist.] 1999 review den'd.). In fact, this is exactly what happened in the Billingsley case. If, however, Wyatt & Wyatt is a party to this case at the time of the friendly suit hearing, this Court can address these issues relevant to the Rodriguez Plaintiffs and exercise its equitable power to determine the maximum attorney fee exposure of the Rodriguez Plaintiffs.

Consequently, it is essential that in order for the settlement of this matter to go forward, that these issues be resolved expediently.

## IV.

The issues before the Court regarding consolidation are not complex. Intervenors would agree to allow Wyatt & Wyatt, to respond up until the day before the hearing set before the Court. This is even the type of issue which could be decided by the Court without hearing, on the Court's own motion. The District Court can order consolidation on its own initiative, even over the objections of the parties. <u>Cantrell v. GAF Corp.</u>, 999 F.2d 1007, 1011 (6th Cir. 1993).

**WHEREFORE, PREMISES CONSIDERED**, **The Markam Group, Inc., P.S. and Mark D. Kamitomo** respectfully request that the Court schedule an expedited hearing on the Motion to Intervene and to Consolidate, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

_____
Keith N. Uhles
Federal I. D. No. 1936
State Bar No. 20371100
Ewing E. Sikes, III
Federal I.D. No. 19534
State Bar No. 00794631
Attorneys for Intervenors,
**THE MARKAM GROUP, INC., P.S. and
MARK D. KAMITOMO**

45437:970536.1:060601

-4-

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

## CERTIFICATE OF CONSULTATION

The Riddell Defendants attorney has been consulted and he is not opposed to this Motion. Wyatt & Wyatt's attorney has been consulted and is opposed to this Motion.

_____
Keith N. Uhles

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above of the foregoing document has been forwarded, via FIRST CLASS MAIL, to all counsel of record on this ____ day of June, 2001, as follows:

Dino Esparza
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres Sr. Blvd.
Brownsville, Texas 78520

Robert Guerra
THORNTON, SUMMERS, BIECHLIN,
 DUNHAM & BROWN, L.C.
418 East Dove Avenue
McAllen, Texas 78504

Robert Summers
SUMMERS & ASSOCIATES
P. O. Box 398
Llano, Texas 78643

Arnold J. Aguilar
LAW OFFICE OF ARNOLD J. AGUILAR
1200 Central Boulevard, Suite H-2
Brownsville, Texas 78520

Mark Travis Curry
HUGHES, WATTERS & AKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354

Michael Rodriguez
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
Brownsville, Texas 78520

Mark Kamitomo
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201

Rex Blackburn
EVANS, KEANE
1101 W. River St., Suite 200
P. O. Box 959
Boise, ID 83701-0959

Van Huseman
Cliff Gordon
WHITE, HUSEMAN & PLETCHER
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O. RODRIGUEZ, ET AL | § | |
| | § | |
| VS. | § | |
| | § | |
| RIDDELL SPORTS, INC.; | § | |
| RIDDELL INC.; | § | CIVIL ACTION NO. **B-CV-96-177** |
| ALL AMERICAN SPORTS | § | |
| CORPORATION DBA RIDDELL | § | |
| ALL AMERICAN; CHRIS HOODMAN; | § | |
| RUBATEX CORPORATION; AND | § | |
| MONARCH RUBBER COMPANY | § | |

## ORDER

**ON THIS DAY** came to be heard the Motion for Expedited Hearing of mark D. Kamitomo and The Markam Group, Inc., P.S. After considering said motion, all pleadings on file and the applicable law, it is the opinion of the Court that said motion should be in all things granted. It is, therefore,

**ORDERED** that hearing on the Motion to Intervene and to Consolidate is set for _____ o'clock ____.M. on the _____ day of June, 2001 before the Honorable Filemon B. Vela in the United States Courthouse in Brownsville, Texas; it is further

**ORDERED** that any opposition to the Motion to Intervene and to Consolidate may be filed with the Court and served upon opposing counsel via telefax up until 5:00 p.m. on the _____ day of June, 2001.

**DONE AND ENTERED** this _____ day of June, 2001 at Brownsville, Texas.

_____
HON. FILEMON B. VELA
UNITED STATES DISTRICT JUDGE

-1-

-2-

**COPIES TO:**

*Keith N. Uhles*, Royston, Rayzor, Vickery & Williams, L.L.P., P. O. Box 3509, Brownsville, TX 78523
*Dino Esparza*, Rentfro, Faulk & Blakemore, L.L.P., 185 E. Ruben M. Torres Sr. Blvd., Brownsville, TX 78520
*Robert Guerra*, Thornton, Summers, Biechlin, Dunham & Brown, L.C., 418 East Dove Avenue, McAllen, TX 78504
*Robert Summers*, Summers & Associates, P. O. Box 398, Llano, TX 78643
*Arnold J. Aguilar*, Law Office of Arnold J. Aguilar, 1200 Central Boulevard, Suite H-2, Brownsville, TX 78520
*Mark Travis Curry*, Hughes, Watters & Akanase, L.L.P., 1415 Louisiana, 37th Floor, Houston, TX 77002-7354
*Michael Rodriguez*, Rodriguez, Colvin & Chaney, 1201 E. Van Buren Street, Brownsville, TX 78520
*Mark Kamitomo*, The Markam Group, Inc., P.S., 421 West Riverside, Suite 1060, Spokane, WA 99201
*Rex Blackburn*, Evans & Keane, 1101 W. River St., Suite 200, Boise, ID 83701
*Van Huseman*, White, Huseman & Pletcher, 600 Leopard Street, Suite 2100, Corpus Christi, TX 78473