3/0

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAQUEL O. RODRIGUEZ, as Legal Guardian of JOSE L. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>RIDDELL, INC.; and ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN,<br><br>Defendants. | Case No. B-96-cv-177 |

## APPLICATION TO ESTABLISH THE JOSE L. RODRIGUEZ TRUST

NOW COMES Roman "Dino" Esparza, guardian *ad litem* for Jose L. Rodriguez (hereinafter referred to as "Applicant"), and moves the Court pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and pursuant to Texas Property Code Section 142.005 to enter a decree establishing a "special needs" trust for the benefit of Jose L. Rodriguez, an incapacitated person (the "Proposed Beneficiary"), and would respectfully show the Court the following:

I.

The Proposed Beneficiary is an incapacitated person as defined in Texas Property Code Section 142.007 as he is impaired because of mental deficiency and/or physical illness or disability to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person. In addition, the Proposed

APPLICATION TO ESTABLISH THE JOSE L. RODRIGUEZ TRUST                    Page 1

Beneficiary is a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382C(a)(3).

## II.

Applicant has been appointed by this Court as guardian *ad litem* to represent the interests of the Proposed Beneficiary and has entered his appearance in this cause.

## III.

There is no court-appointed guardian for the estate of the Proposed Beneficiary, and there is no proceeding pending for the appointment of such guardian.

## IV.

The parties have reached a settlement in this cause in favor of the Proposed Beneficiary consisting of a cash lump sum amount plus future periodic payments within the meaning of Sections 104(a)(2) and 130 of the Internal Revenue Code of 1986, as amended, as described in the Petition for Approval of Settlement (the "Petition") entered into in this cause and any judgment or order approving said Petition.

## V.

Applicant would show this Court that it would be in the best interest of the Proposed Beneficiary for the settlement proceeds to be held, invested, administered, and distributed by Texas State Bank, a bank having trust powers in the State of Texas, as a "special needs" trust for the sole benefit of the Proposed Beneficiary in accordance with the provisions of 42 United States Code Section 1396p(d)(4)(A), as amended by the Revenue Reconciliation Act of 1993, Pub. L. 103-55. Therefore, Applicant moves the Court pursuant to Texas Property Code Section 142.005 to enter a decree establishing the Jose L. Rodriguez Trust having the terms and

provisions, including the provisions required by law, set forth in Exhibit "A" attached hereto and incorporated herein by reference.

WHEREFORE, Applicant prays that upon hearing, the Court enter a decree establishing the Jose L. Rodriguez Trust for the benefit of Jose L. Rodriguez, having the terms and provisions set forth in Exhibit "A," and grant such other and further relief as this Court may deem proper.

Respectfully submitted,

RENTFRO, FAULK & BLAKEMORE, L.L.P.

Roman "Dino" Esparza
State Bar No. 00795337

185 East Ruben M. Torres, Sr. Boulevard
Brownsville, Texas 78520-9136
Telephone:  956.541.9600
Fax:  956.541.9695

Guardian *Ad Litem* for JOSE L. RODRIGUEZ,
an Incapacitated Person

LAW OFFICE OF J. ARNOLD AGUILAR

J. Arnold Aguilar
State Bar No. 00936270
Federal ID 6822

Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone:  956.504.1100
Fax:  956.504.1408

APPLICATION TO ESTABLISH THE JOSE L. RODRIGUEZ TRUST                    Page 3

EVANS, KEANE LLP
Rex Blackburn
   State Bar No. 3170
Paul J. Augustine
   State Bar No. 4608
1101 West River Street, Suite 200
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: 208.384.1800
Fax: 208.345.3514

THE MARKAM GROUP, INC., P.S.
Mark D. Kamitomo
State Bar No. 18803
421 West Riverside, Suite 1060
Spokane, Washington 99201
Telephone: 509.747.0902
Fax: 509.747.1993

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this _____19th_____ day of June, 2001, a true and correct copy of the

foregoing instrument was served in accordance with the Texas Rules of Civil Procedure upon

all interested parties.

_____
Roman "Dino" Esparza

# SCHEDULE A

## TO

## JOSE L. RODRIGUEZ TRUST

A cash lump sum amount plus future periodic payments within the meaning of Sections 104(a)(2) and 130 of the Internal Revenue Code of 1986, as amended, as described in the Petition for Approval of Settlement (the "Petition") entered into in this cause and any judgment or order approving said Petition.

## EXHIBIT "A"

## JOSE L. RODRIGUEZ TRUST

This Trust Agreement is established as recommended by Roman "Dino" Esparza, as guardian *ad litem* for Jose L. Rodriguez, an incapacitated person (the "Beneficiary"), to the Court in litigation pending in the United States District Court for the Southern District of Texas, Brownsville Division (the "Court"), in Cause No. B-96-cv-177, styled, *Raquel O. Rodriguez, as Legal Guardian of Jose L. Rodriguez v. Riddell, Inc.; and All American Sports Corporation, d/b/a Riddell/All American.* The Beneficiary's date of birth is June 7, 1977, and his social security number is 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. The Beneficiary is an incapacitated person as defined in Texas Property Code Section 142.007 and is a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382C(a)(3). The Court has specifically reviewed and approved this trust pursuant to the Decree of Court Establishing the Jose L. Rodriguez Trust to which this Trust Agreement is attached. This Trust Agreement is intended to comply with the requirements of a "special needs" trust pursuant to the provisions of 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and shall be construed in accordance with such intent. Texas State Bank, Trustee (the "Trustee"), shall serve as the initial Trustee of this trust.

## ARTICLE I.

### Trust Estate

The assets and properties described on Schedule A, attached to and incorporated by reference into this Trust Agreement, which are being paid pursuant to the settlement agreement reached by the parties in the above-styled and numbered cause are hereby transferred and assigned unto the Trustee by the Court to be held, invested, administered, and distributed by the

Trustee for the benefit of the Beneficiary under the terms, provisions, conditions, and limitations set forth in this instrument. The funds shall at no time become available to the Beneficiary, be placed in his possession, or come within the control of his guardians, except as otherwise provided herein.

## ARTICLE II.

### Revocability

The Court may amend, modify, or revoke this trust at any time before its termination, but the trust shall not be subject to revocation by the Beneficiary or a guardian of the Beneficiary's estate. If the Court revokes this trust prior to the death of the Beneficiary, the Court may enter such further and additional orders concerning the trust as may be authorized by Texas Property Code Section 142.005.

## ARTICLE III.

### Distributions and Termination

A.    Purpose of Trust. The principal purpose and intent of the Court and the parties hereto is to provide a system for management, investment, and disbursement of the settlement proceeds for the benefit of the Beneficiary. The secondary intention of the Court and the parties hereto is to provide for the continuing conservation and enhancement of the settlement proceeds to supplement all other financial and service benefits to which the Beneficiary might be eligible as a result of his disability from any local, county, state, or federal agency, or through any public or private profit or nonprofit corporations or agencies.

1.    It is not the intent of the Court or parties hereto to place the settlement proceeds in trust for the purpose of qualifying the Beneficiary for state welfare benefits. However, it is likely that the settlement proceeds will be insufficient to meet all of the Beneficiary's possible future disability related needs for the remainder of his life. Thus, it is possible that such benefits may be sought in the future, notwithstanding the assets that have been directed by the Court to this supplemental and discretionary trust.

2.    This trust is being established at the specific direction of the Court, and therefore the assets directed to this trust by the Court should not be deemed to have been or to be available to the Beneficiary. This trust is established under the jurisdiction, at the direction, and with the specific approval of the Court without transfer of ownership of the settlement proceeds to the Beneficiary or his legal guardians.

3.    It is the intention of the Court and the parties hereto to provide benefits for the Beneficiary without interfering with or reducing the benefits he would be entitled to receive from any state or federal agency, including the State of Texas Department of Human Services or its successor agencies and the United States Social Security

-2-

Administration, and to maximize the benefits available to his. This trust is explicitly intended to be a discretionary trust and not a basic support trust, and the trust assets are intended to be used to supplement other benefits that the Beneficiary might be entitled to receive.

4.     Further, it is not the intent of this Court that the settlement proceeds shall be used to excuse the obligations of any person to provide for the Beneficiary's continuing maintenance and basic support under the laws of the State of Texas. Payments from this trust are intended to be supplemental to such support obligations and shall not supplant the basic support obligations as determined by the laws of the State of Texas.

5.     Notwithstanding the foregoing, it is acknowledged that the Trustee is a financial institution and is neither licensed nor skilled in the field of social services and/or governmental assistance programs. The Beneficiary's legal guardian or other legal representative, if any, shall be responsible for identifying programs that may be of social, financial, developmental, or other assistance to the Beneficiary, including seeking the assistance of federal, state, and local agencies that have been established to help the handicapped or disabled, and other similar resources. The Trustee may cooperate with and assist the Beneficiary's legal guardians or other legal representative, if any, but shall have no duty or responsibility to determine which programs are available to the Beneficiary. The Trustee shall not in any event be liable to the Beneficiary or any other party with respect to any aspect of the Beneficiary's eligibility for federal, state, or local public assistance benefits or programs, including, but not limited to, the failure to identify each and every program or resource that might be available to the Beneficiary on account of any handicap or disability.

B.     Distributions. The Trustee shall have complete discretion to pay or use so much or all of the net income and/or corpus of the trust as the Trustee, in its sole discretion, may determine, to the legal or natural guardian or person having custody of the Beneficiary, or by expending such amounts directly to or for the benefit of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Any undistributed income shall be accumulated and added to the corpus of the trust. All income and corpus distributed to the Beneficiary and all undistributed income and corpus held in this trust shall be considered as the separate property, not the community property, of the Beneficiary to the extent permitted under the Constitution and laws of the State of Texas.

C.     Termination of Trust. Upon the first to occur of (i) the date of death of the Beneficiary or (ii) the date that the Court determines that the Beneficiary has regained capacity and is no longer incapacitated within the meaning of Texas Property Code Section 142.007, this trust shall terminate. Upon termination of the trust for any reason (including death of the Beneficiary, etc.), to the extent required by applicable law, the Trustee shall distribute the remaining trust assets to the State of Texas (or such other state that provides medicaid benefits to the Beneficiary) up to an amount equal to the total medical assistance paid on behalf of the

Beneficiary under the state's medicaid plan for services furnished after September 30, 1993. If assets remain in the trust after making the reimbursement payments to the state's medicaid plan in accordance with the preceding sentence, the Trustee shall distribute the remaining trust assets to the Beneficiary, if he is then living; otherwise, to the personal representative of the Beneficiary's estate to be administered as a part of his general probate estate.

## ARTICLE IV.

### Trustee

A.      Appointment. The initial Trustee of this trust shall be Texas State Bank.

All references in this instrument to "Trustee" shall refer to the Trustee then serving as such.

B.      Successor Trustee. If at any time there is a vacancy in the position of Trustee, the Court shall appoint a substitute or successor Trustee. A successor Trustee may be any trust company or bank possessing trust powers in the State of Texas with assets under administration valued at not less than $40,000,000.

C.      Trustee Reorganization. Any corporation that shall succeed (by purchase, merger, consolidation, or otherwise) to all or the greater part of the assets of any corporate Trustee shall succeed to all the rights, duties, and powers of such corporate Trustee, as Trustee of this trust.

D.      Resignation of Trustee. A Trustee may resign upon application to and order of the Court. Upon filing an application to resign, the Trustee shall immediately provide a copy of the application to the Beneficiary, or if the Beneficiary is an incapacitated person, to the Beneficiary's legal guardian or other legal representative. The Trustee shall continue serving until its resignation is approved by the Court.

## ARTICLE V.

### General Trust Provisions

A.      Compensation. The Trustee shall be entitled to receive fair and reasonable compensation for services as Trustee to be paid from the trust's income, corpus, or both on application to and approval of the Court; provided, however, that the Trustee's compensation shall not exceed the Trustee's regularly published fee schedule for such services. The Court hereby prospectively approves the Trustee's fees for as long as such fees do not exceed the Trustee's regularly published fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem

appropriate. The Trustee shall also be reimbursed for all reasonable expenses incurred in connection with the administration of the trust.

B.    <u>Bond</u>. No bond or any other security shall be required of any Trustee.

C.    <u>Liabilities</u>. This instrument shall always be construed in favor of the validity of any act or omission of any Trustee, and a Trustee shall not be liable for any act or omission except in the case of negligence, bad faith, or fraud. This trust is established pursuant to Court order, and the Trustee shall not be responsible or liable to the Beneficiary or to any other person on account of any action that the Trustee may take (or elect to forego taking) in the Trustee's good faith reliance on any order of the Court.

D.    <u>Accountings</u>. The Trustee shall furnish quarterly computer statements to the Beneficiary or the Beneficiary's legal guardian or other legal representative. If and to the extent required by the Court or a successor Trustee, computer statements regarding the administration of the trust shall also be given to the successor Trustee. A successor Trustee shall be fully protected in relying upon such computer statements and also in not requiring an audited accounting from its predecessor. Subject to any additional requirements imposed by the Court, the Trustee's usual computer statements shall suffice for any accounting.

E.    <u>Spendthrift Provision</u>. The Beneficiary shall not have the power to anticipate, encumber, or transfer his interest in the income or corpus of this trust in any manner. No part of the income or corpus of this trust shall be liable for or charged with any debts, contracts, liabilities, or torts of the Beneficiary or subject to any divorce proceeding or seizure or other process by any creditor of the Beneficiary.

F.    <u>Purchase of Residence as an Asset of the Trust</u>. The Trustee may at any time and from time to time pay or use such amounts from the net income and/or corpus of the trust as the Trustee, in its sole discretion, deems to be advisable for the purpose of purchasing, replacing, or otherwise acquiring real property to be used and occupied rent-free by the Beneficiary and the Beneficiary's immediate family members as the Beneficiary's principal residence. Any such investment of trust funds to purchase a residence shall be upon such terms and conditions as the Trustee shall determine in its sole discretion. Title to the residence shall be in the name of the Trustee. The Trustee may pay from the net income and/or corpus of the trust all mortgage principal and interest, repairs and maintenance, improvements, property taxes, insurance, and other expenses associated with the purchase, replacement, care, and maintenance of the residence to the extent that such payments will not adversely impact the Beneficiary's eligibility to receive SSI, medicaid, and/or any other governmental assistance benefits.

G.    <u>Distributions to Purchase Specially-Equipped Vehicle</u>. The Trustee may, within its sole discretion, at any time and from time to time, make distributions from the net income and/or corpus of the trust for the purpose of purchasing or otherwise acquiring a specially-equipped van or other vehicle suitable for the transportation of the Beneficiary, the

legal or natural guardian or person having custody of the Beneficiary, and any equipment occasioned by the travel of the Beneficiary. Such vehicle shall be equipped with any optional equipment deemed appropriate or necessary by the Trustee to provide for the Beneficiary's needs. The Trustee may, within its sole discretion, make distributions from the income and/or corpus of the trust for the purpose of replacing any such vehicle with a comparable vehicle at any time and from time to time, but the cost of any replacement vehicle shall be reduced by the trade-in value of the previous vehicle. The vehicle shall be registered and titled either in the name of the Beneficiary or in the name of a parent or guardian of the Beneficiary. The expenses of repairs, routine maintenance, personal property taxes, and insurance on the vehicle may be paid from the trust income and/or assets of the trust by the Trustee.

H.      Situs of Trusts. This trust shall be deemed a Texas trust and shall be governed by the laws of Texas.

I.      Powers and Duties of Successor Trustee. Subject to any order of the Court, upon the appointment and qualification of any successor Trustee, the same duties shall devolve on and the same rights, powers, authorities, privileges, and discretions shall inure to the successor Trustee as to the initial Trustee, and no successor Trustee shall have any duty, responsibility, obligation, or liability whatsoever for the acts, defaults, or omissions of any predecessor Trustee.

J.      Fiduciary Obligation. The broad powers herein conferred upon the Trustee shall always be exercised only in a fiduciary capacity, and nothing herein shall be construed to limit the fiduciary obligation of the Trustee.

## ARTICLE VI.

### Powers of Trustee

The Trustee shall have all of the rights, powers, and privileges granted to a trustee by the Texas Trust Code and all of the following rights, powers, and privileges, unless specifically limited by other provisions of this instrument:

A.      Partitions, Distributions. The Trustee shall have full power and authority to make all partitions, divisions, and distributions under this instrument, by allocating assets and property proportionately in kind or by allocating undivided interests therein in kind. Any partition, division, or distribution made by the Trustee in good faith shall be binding and conclusive on all interested parties.

B.      Methods of Payment. Any distribution directed to be made to the Beneficiary may be made to or for the benefit of the Beneficiary in any manner authorized by Texas Property Code Section 142.005 that the Trustee deems advisable, including payment to the legal or natural guardian or person having custody of the Beneficiary, or payment directly to the Beneficiary or for the benefit of the Beneficiary without the intervention of any legal guardian

-6-

or other legal representative of the Beneficiary. Any distribution under this paragraph shall be a full discharge of the Trustee with respect to that distribution.

C.   Conservation of Trust Properties. The Trustee may hold, manage and conserve any and all properties transferred to the trust and may take any action that the Trustee may deem necessary or appropriate, including the exercise of all rights and powers that a prudent owner would exercise in managing and conserving properties of a like kind.

D.   Dealings With Third Parties. The Trustee may deal with any person or entity regardless of any relationship or identity of any Trustee to or with that person or entity and may hold or invest all or any part of the trust assets in common or undivided interests with that person or entity. Sections 113.052 through 113.055 of the Texas Trust Code shall not apply to the trust except to the extent they cannot be waived.

E.   Investment in Securities. The Trustee may buy, sell, or trade any security of any nature (including stocks, stock rights, warrants, bonds, debentures, notes, certificates of interest, certificates of indebtedness, and options) or any other things of value issued by any person, firm, association, trust, corporation, or body politic whatsoever.

F.   Investment in Undivided Interests. The Trustee may invest in one or more assets, properties, or consolidated funds, in whole or in part, as the Trustee may deem advisable.

G.   Investment in Partnerships. The Trustee may purchase or otherwise acquire an interest in any partnership conducting a lawful business, transfer trust property to any partnership which will conduct or is conducting any lawful business, or become either a general or limited partner of any such partnership.

H.   Selection and Retention of Investments. Any property acquired by the Trustee and at any time constituting any part of the trust shall be deemed a proper investment, and the Trustee shall be under no obligation to dispose of or convert such property. Investments need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value. The Trustee may invest all funds available for investment at any time that the Trustee may deem advisable in such investments as the Trustee may be permitted to make pursuant to the terms of this instrument. The Trustee, unless otherwise herein specifically prohibited, shall have as wide a latitude in the selection, retention and making of investments as an individual would have in retaining or investing his own funds and shall not be limited to nor bound or governed by any statute or regulation respecting investments.

I.   Holding Title to Investments. The Trustee may hold title to investments in the name of the Trustee or a nominee. If the trust owns assets located in a jurisdiction in which the Trustee cannot be authorized to act, then the Trustee may appoint any national bank authorized to act in such jurisdiction as trustee of such assets and confer on such trustee any power as may be necessary in the premises, but, in any event, such trustee shall account for all net income and/or net proceeds from the sale of such assets to the Trustee acting hereunder.

J.      General Powers.  The Trustee may sell, exchange, alter, mortgage, pledge, or otherwise dispose of trust property; borrow any sum believed by the Trustee to be necessary or desirable for protecting the trust or any part thereof, making any income or corpus payment or distribution, or for any other purpose which in the Trustee's opinion may be appropriate; pay all reasonable expenses; execute obligations, negotiable and nonnegotiable; join in, by deposit, pledge, or otherwise, any plan of reorganization or readjustment of any investments of the trust, and vest in a protective committee or other legal entity such power as in the Trustee's opinion may be desirable; and sell for cash and/or credit all or any part of the trust estate.

K.      Power to Vote Stock.  The Trustee may vote shares of stock in person or by proxy, with or without power of substitution; exercise and perform any and all rights, privileges, and powers inuring to the holder of any stock or security comprising at any time a part of the trust, and exercise by agent or attorney-in-fact any right appurtenant to any property or matter in which the trust may be interested.

L.      Protection of the Trust Estate.  The Trustee may protect, perfect and defend the title to any trust property; sue and be sued; enforce any bonds, mortgages or other obligations or liens owned by the trust; compromise, arbitrate, or otherwise adjust claims in favor of or against the trust; waive or release rights of any kind; and abandon any property considered by the Trustee to be worthless.

M.      Notes, Mortgages, and Foreclosures.  The Trustee may, at any time, reduce the rate of interest payable on any bond, note, or other security owned by the trust; continue mortgages upon and after maturity, with or without renewal, or extend the same upon such terms as seem advisable to the Trustee without reference to the value of the security at the time of such continuance; modify or release any guaranty or mortgage; as an incident to collection of any bond or note, foreclose and bid in the property at foreclosure sale, acquire the property by deed from the mortgagor or obligor without foreclosure and retain the property so bid in or taken over without foreclosure.

N.      Employ and Compensate Agents and Representatives.  The Trustee may employ and compensate agents and other employees, including attorneys, accountants, and investment advisers, and may delegate to them any and all discretions and powers.  The Trustee shall not be liable for any act or omission of an agent if the agent was selected and retained by the Trustee with due care and the Trustee neither knew nor should have known that the agent or representative was breaching his duties.

O.      Establish and Maintain Reserves.  Out of rents, profits, or other income received, the Trustee may set up reserves for taxes, assessments, insurance premiums, repairs, improvements, depletion, depreciation, obsolescence, and general maintenance of buildings or other property.

P.    <u>Power to Determine Income and Corpus</u>.  Stock dividends and capital gains shall be treated as corpus.  Except as herein otherwise specifically provided, the Trustee shall determine the manner in which expenses are to be borne and receipts credited between corpus and income and what shall constitute income, net income, and corpus.  In determining such matters, the Trustee may give consideration to, but shall not be bound by, the provisions of the Texas Trust Code.

Q.    <u>Liability of Third Party</u>.  No purchaser at any sale made by the Trustee or person dealing with the Trustee is obliged to see to the application of any money or property paid or delivered to the Trustee or to inquire into the expediency or propriety of, or the authority of the Trustee to enter into and consummate, any transaction.

R.    <u>Documents</u>.  The Trustee may execute and deliver any deeds, conveyances, assignments, leases, contracts, stock or security transfer powers, or any other written instrument of any character appropriate to any of the powers or duties herein conferred upon the Trustee.

S.    <u>Powers Cumulative</u>.  Except as herein otherwise provided, the powers conferred upon the Trustee shall not be construed as in limitation of any authority conferred by law, but as in addition thereto.

ARTICLE VII.

<u>Definitions and General Provisions</u>

A.    <u>Statutory References</u>.  All statutory references include subsequent amendments and corresponding provisions of any subsequently enacted laws.

B.    <u>Precedence of Trust</u>.  This trust shall take precedence over any existing law or statute concerning minors, incapacitated persons, or their property, and this trust shall continue in full force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate of the Beneficiary.

C.    <u>Binding Effect</u>.  This trust agreement shall extend to and be binding upon the heirs, executors, administrators, legal representatives, and successors of the parties.

D.    <u>Consideration of Requests of the Beneficiary or Legal Guardian</u>.  The Trustee shall confer with the Beneficiary, or the Beneficiary's legal guardian or other legal representative if the Beneficiary is a minor or incapacitated person, from time to time concerning the needs of the Beneficiary and shall consider (but shall not be bound by) the requests of the Beneficiary or the Beneficiary's legal guardian or other legal representative, as the case may be, concerning the administration of the trust, including, but not limited to, the investment and distribution of the trust assets.

E.   <u>Inception of Trust</u>.   This trust shall become effective upon (1) the entry of the decree to which this trust agreement is attached, (2) the transfer of any portion of the property described on Schedule A to the Trustee, and (3) the Trustee's acceptance of the trust which shall be evidenced by the signature below of the appropriate officer of the Trustee.

SIGNED this _19th_ day of _June_____, 2001.

_____
JUDGE PRESIDING

Texas State Bank, Trustee, acknowledges receipt of the assets and properties described

on Schedule A attached hereto, accepts the trust created by this Trust Agreement, and covenants

to faithfully discharge all duties of the Trustee hereunder.

TEXAS STATE BANK

By: _____
Lupita Rosales
Vice President and Trust Officer

-10-

STATE OF TEXAS          §
                        §
COUNTY OF HILDAGO       §

     BEFORE ME, the undersigned authority, on this day personally appeared LUPITA ROSALES, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said Texas State Bank and that he/she executed the same as the act of Texas State Bank for the purposes and consideration therein expressed and in the capacity therein stated.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE this _19th_ day of June, 2001.


_____
~~Notary Public in and for the State of Texas~~

~~My Commission Expires:~~ _____        Printed Name of Notary Public:

_____        _____

*Excuted before me on this the 19th day of June, 2001 in Brownsville, Texas.*

Michael N. Milby, Clerk

BY: *Lourdes T. Mardis*
    Deputy Clerk
    U.S. District Court
    Southern District of Texas

-11-

SCHEDULE A

TO

JOSE L. RODRIGUEZ TRUST

A cash lump sum amount plus future periodic payments within the meaning of Sections 104(a)(2) and 130 of the Internal Revenue Code of 1986, as amended, as described in the Petition for Approval of Settlement (the "Petition") entered into in this cause and any judgment or order approving said Petition.