United States District Court
Southern District of Texas
FILED

MAY 0 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAQUEL O. RODRIGUEZ, as Legal Guardian of
JOSE L. RODRIGUEZ,

    Plaintiff,

v.                               Case No. B-96-cv-177

RIDDELL, INC.; and
ALL AMERICAN SPORTS CORPORATION,
d/b/a/ RIDDELL/ALL AMERICAN,

    Defendants.

### TRUSTEE'S MOTION TO APPROVE
### PURCHASE OF HOMESTEAD FOR BENEFICARY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TEXAS STATE BANK, duly appointed Trustee of the §142.005 "special needs" trust established for the benefit of Jose L. Rodriguez (hereinafter referred to as "Beneficiary") dated June 19, 2001, hereinafter sometimes referred to as "the trust", and files this its Trustee's Motion to Approve Homestead Purchase for Beneficiary and would respectfully show the Court the following:

#### I.  Jurisdiction

This Court has jurisdiction under 42 United States Code §1396p(d)(4)(A) and §142.005(d) of the Texas Property Code.

#### II.  Venue

This Court established the §142.005 trust in this cause and retains continuing jurisdiction over the trust. As such, venue is proper in Cameron County, Texas.

### III.  Background

This Court established the §142.005 "special needs" trust referenced above on June 19, 2001 for the benefit of Jose L. Rodriguez, beneficiary. In the underlying suit, the Beneficiary sustained an irreversible brain injury allegedly the result of a defective football helmet manufactured by the Defendant. He is currently twenty-four (24) years old, has a fifteen (15) year life expectancy and is cared for primarily by his mother, Raquel O. Rodriguez and his brother, Juan Rodriguez. Juan Rodriguez recently married and will continue to be a caregiver to his brother, Jose. Both Mrs. Rodriguez and Juan have completed the necessary classes required in providing the twenty-four (24) hour care required by the Beneficiary. Consequently, the trust is not incurring any additional expenses associated with employing other qualified caregivers at this time.

The trust currently has a principal balance of approximately $883,704 and is supplemented by an annuity of in the amount of approximately $125,000 annually. The annuity is guaranteed for a minimum of fifteen (15) years, and life of the beneficiary.

The Beneficiary's family has requested that Trustee approve the construction of a custom homestead in the amount of $370,500.00. See attached Exhibit "A"- Plans & Specs for proposed homestead prepared by Fernando Martinez Drafting Services for Cano Home Builders, Inc. The proposed homestead is uniquely designed in that a full efficiency apartment [bedroom, bath, kitchen, dining & living areas] is attached to the master suite. Although the location and design of the homestead may potentially affect the home's resale value, it will provide direct access to the Beneficiary in the event of an emergency, as well as provide Juan and his spouse the privacy needed of a young, recently married couple.

### IV.  Relief Requested

REQUEST FOR APPROVAL TO PURCHASE HOMESTEAD FOR BENEFICIARY AND BENEFICIARY'S IMMEDIATE FAMILY MEMBERS:

Article V. ¶ F of the trust provides that "The Trustee…may…pay or use such amounts from the net income and/or corpus of the trust as the Trustee, in its sole discretion, deems to be advisable for the purpose of purchasing,… or otherwise acquiring

real property to be used and occupied...by the Beneficiary and the Beneficiary's immediate family members as the Beneficiary's principal residence. Any such investment of trust funds to purchase a residence shall be upon such terms and conditions as the Trustee shall determine in its sole discretion...". The trust agreement, however, does not specify an allowance for such expenditures. The proposed expenditure, upon Court approval, would comprise approximately forty-two percent (42%) of the trust corpus. Importantly, this percentage does not factor in the guaranteed annuity stream of $125,000.00 per year and thus, will decrease over time.

Trustee is of the opinion that said investment would be in the best interests of Beneficiary's continued maintenance and support and requests Court approval for said purchase.

### V. Prayer

WHEREFORE, PREMISES CONSIDERED, Movant, Trustee, prays that the Court will take the following actions:

1)  Approve of the Trustee's request for purchase of a homestead for the continued maintenance, welfare and support of Beneficiary and Beneficiary's immediate family members;

2)  Grant all such other & further relief, both general or specific, at law or in equity, to which the Movant shall show itself justly entitled.

Respectfully submitted,

Ramón Law Firm, P.L.L.C.
500 W. Pecan
McAllen, Texas 78501
Telephone: (956) 686-8289
Facsimile: (956) 686-8426

By: _____
Jaime (Jim) Ramón
SBN: 00784810

ATTORNEY FOR TRUSTEE, TEXAS STATE BANK

EXHIBIT "A"



## CERTIFICATE OF CONFERENCE

This is to certify that I have conferred with the counsel listed below and each indicate that he is not opposed to this motion:

J. Arnold Aguilar, Esq.
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520
Attorney for Plaintiff

Roman (Dino) Esparza, Esq.
WILLETTE & GUERRA
3505 Boca Chica Bldv.
Brownsville, Texas 78521
Guardian Ad Litem for Jose L. Rodriguez, an
Incapacitated Person

_____
Jaime J. (Jim) Ramón

## CERTIFICATE OF SERVICE

I do hereby certify that on this ___8___ day of May 2002, a true and correct copy of the Trustee's Motion to Approve Purchase of Homestead for Beneficiary has been forwarded to counsel of record as herein below noted :

*VIA FACSIMILE:*
J. Arnold Aguilar, Esq.
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520
Attorney for Plaintiff

**VIA FACSIMILE:**
Roman (Dino) Esparza, Esq.
WILLETTE & GUERRA
3505 Boca Chica Bldv.
Brownsville, Texas 78521
Guardian Ad Litem for Jose L. Rodriguez, an
Incapacitated Person

_____
Jaime J. (Jim) Ramón