
United States District Court
Southern District of Texas
FILED

MAY 1 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAQUEL O RODRIGUEZ, as legal guardian of JOSE RODRIGUEZ<br>　　　　Plaintiff,<br><br>vs.<br><br>RIDDELL, INC.; and ALL AMERICAN SPORTS CORPORATION, d/b/a RIDDELL/ALL AMERICAN<br><br>　　　　Defendants. | §§§§§§§§§§§§§ | Civil Action No. B-96-cv-177 |

## LUMP SUM SETTLEMENT OF JOSE RODRIGUEZ' RIGHT TO FUTURE MEDICAL BENEFITS UNDER NAIU'S INSURANCE POLICY

**COMES NOW** Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff and Intervenor, National Accident Insurance Underwriters along with Heritage Indemnity Company, Westward Life Insurance Company, and Trustmark Insurance Company (hereinafter collectively referred to as "NAIU"), and settle Jose Rodriguez' right, if any, to future medical benefits under NAIU's insurance policy for a one-time, lump sum payment of $100,000.00 to the Jose Rodriguez Trust.

I.

In August of 1995, Jose Rodriguez was injured in a football game. Mr. Rodriguez, by and through his legal guardian, Raquel Rodriguez, filed suit in the above-referenced cause against Riddell, Inc., and All American Sports Corporation. National Accident Insurance Underwriters ("NAIU"), the medical insurer for the Trustees of The Scholastic Insurance Trust, intervened into the lawsuit to assert its subrogation interest. On April 9, 1999 a jury returned a verdict in favor of Jose Rodriguez and his mother, Raquel Rodriguez, and subsequently, said verdict was

SETTLEMENT AGREEMENT - 1

appealed by Defendants. The Fifth Circuit Court of Appeals reversed the judgment and remanded the matter for retrial. Before retrial, on April 30, 2001, all parties reached a settlement agreement, which was approved by the court on June 19, 2001. One of the terms of the settlement agreement was that NAIU would continue paying medical benefits on behalf of Jose Rodriguez pursuant to the terms of the applicable insurance policy ($1,000,00.00 less amounts paid to date), until such time as the policy limits where exhausted. A dispute between Plaintiff and Intervenor relating to whether the agreement was subject to an expiration provision in the policy was previously resolved by agreement.

II.

The $1,000,000.00 policy limits of NAIU's insurance policy to which Jose Rodriguez may be entitled has not yet been exhausted. However, there is a good faith dispute between the parties as to the amount remaining under the policy in question. One aspect of this dispute relates to the services of Nurse Case Manager, Mary Glidden and her company, and whether the expense of such services should be applied to the policy limits, thereby reducing the amount of future medical benefits which may be available to Jose Rodriquez. Given the uncertainty of whether the expenses relating to Mary Glidden should be applied, and for good and valuable consideration, Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff and Intervenor, National Accident Insurance Underwriters along with Heritage Indemnity Company, Westward Life Insurance Company, and Trustmark Insurance Company (hereinafter collectively referred to as "NAIU"), have agreed that it is in their best interests to settle this matter for a one-time lump sum payment of $100,000.00 to the Jose Rodriguez Trust by NAIU. Said lump sum payment will allow NAIU

to close its file relating to this claim, and it will give Raquel Rodriguez and Roman D. Esparza more control and certainty in covering Jose Rodriquez' future healthcare needs.

III.

Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff agree that any medical expenses incurred for medical services rendered after November 24, 2003 in the treatment of Jose Rodriguez will be the sole responsibility of Plaintiff, and that NAIU will have no responsibility for paying for any such medical expenses incurred for medical services rendered after November 24, 2003, nor will NAIU have any responsibility for adjusting and/or processing any such medical expenses. Plaintiffs warrant and represent that Jose Rodriguez has not received any medical treatment since November 24, 2003(which would be covered by NAIU's insurance policy) for which there are outstanding/unpaid medical bills.

IV.

Should NAIU be required to pay, pursuant to the insurance policy in question, for any medical expenses relating to medical treatment rendered to Jose Rodriguez after November 24, 2003 prior to NAIU issuing the lump sum payment to Jose Rodriguez, the amount of the lump sum payment by NAIU will be reduced accordingly after prior notice to Raquel O. Rodriguez and Roman D. Esparza.

V.

As part of the consideration for the payment, Raquel Rodriguez expressly warrants and represents that (1) she is the legal guardian of Jose Rodriguez; (2) Jose Rodriguez is not deceased; (3) she is legally competent and authorized to execute this agreement on behalf of Jose Rodriguez; (4) she has been represented by, consulted with and had the advice of counsel before

SETTLEMENT AGREEMENT - 3

agreeing to execute this agreement; (5) she has not assigned, pledged or otherwise, in any manner whatsoever, sold or transferred, either in writing or otherwise, any right, title, ownership, interest or claim which she and/or Jose Rodriguez may have in connection with the medical benefits provided under NAIU's insurance policy in question and/or the $100,000.00 paid by NAIU to the Jose Rodriguez Trust pursuant to this agreement. As to any person/entity Raquel O. Rodriguez in violation of this agreement assigns, pledges or otherwise transfers any right, interest or claim as specified herein, she agrees to indemnify and hold harmless NAIU or any claims made against NAUI by such persons.

VI.

Roman D. Esparza expressly warrants and represents: (1) that he is the duly appointed attorney ad litem of Jose Rodriguez in connection with this matter (2) that he is legally competent and authorized by this Court to execute this agreement on behalf of Jose Rodriguez.

VII.

Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff understand and agree that this one-time lump sum payment by NAIU is in full satisfaction of any and all benefits to which Jose Rodriguez may be entitled to under the insurance policy in question, and that neither she nor Jose Rodriguez will receive any further sum or sums of money from NAIU, and Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff agree not to assert or prosecute any further claims or lawsuits therefore against NAIU, its employees, representatives, owners, officers, directors, successors, insurers, insureds, attorneys, parent and/or subsidiaries or otherwise related corporations, relating to the incident

made the basis of this lawsuit, NAIU's subrogation claim, and/or the insurance policy in question.

### VIII.

Raquel O. Rodriguez, as legal guardian of Jose Rodriguez, Plaintiff, Roman D. Esparza, attorney ad litem for Jose Rodriguez, Plaintiff agree that a material condition of this agreement is that Jose Rodriguez be living at the time of the funding of this settlement, and that should Jose Rodriguez become deceased prior to funding of the lump sum settlement which is the basis of this agreement, then neither NAIU, nor its assigns or successors will have to fund the settlement made the basis of this agreement , nor will Raquel Rodriguez or any other person or entity be entitled to any funds that are the basis of this agreement.

Signed this 6th day of May, 2004.

By _____
Raquel Rodriguez, legal guardian of
Jose Rodriguez

By _____
Mark Kamitomo, Attorney for
Raquel Rodriguez, legal guardian of
Jose Rodriguez

By _____
Roman D. Esparza, Attorney Ad litem for
Jose Rodriguez

By _____
Authorized Representative of
National Accident Insurance Underwriters

By _____
Authorized Representative of
National Accident Insurance Underwriters


THE STATE OF  IL     §
                     §
COUNTY OF  Cook      §


BEFORE ME, Susan M. McNamara, on this day personally appeared
                (Notary Public)
Don Morulak, authorized representative for National Accident
Insurance Underwriters who is
     (Affiant)

___✓___ known to me; or

_____ proved to me on oath of _____; or

_____ identified to me through viewing his/her driver's license/identification card,

to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn by me, stated on oath that he/she has read the Lump Sum Settlement of Jose Rodriguez's Right to Future Medical Benefits Under NAIU's Insurance Policy and relates that the statements contained there are true and correct in substance and fact, and states that he/she voluntarily executed same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME, on this __6__ day of __May__, 2004, to certify which witness my hand and seal of office.

"OFFICIAL SEAL"
SUSAN M. MCNAMARA
Notary Public, State of Illinois
My Commission Expires 08/20/06

_Susan M. McNamara_
Notary Public in and for
The State of __IL__
My Commission Expires: __8.20.06__

_Susan M. McNamara_
Printed Name of Notary

SETTLEMENT AGREEMENT - 6

THE STATE OF **Texas** §
§
COUNTY OF **Cameron** §

BEFORE ME, **Frances Peña**, on this day personally appeared
(Notary Public)

**Raquel Rodriguez**, who is

__✓__ known to me; or

_____ proved to me on oath of _____; or

_____ identified to me through viewing his/her driver's license/identification card,

to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn by me, stated on oath that she has read the foregoing Lump Sum Settlement of Jose Rodriguez's Right to Future Medical Benefits Under NAIU's Insurance Policy and relates that the statements contained there are true and correct in substance and fact, and states that she voluntarily executed same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME, on this **7th** day of **May**, 2004, to certify which witness my hand and seal of office.

_Frances Peña_
Notary Public in and for
The State of **Texas**
My Commission Expires: **03-27-07**

_Frances Peña_
Printed Name of Notary

SETTLEMENT AGREEMENT - 6

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing **LUMP SUM SETTLEMENT OF JOSE RODRIGUEZ' RIGHT TO FUTURE MEDICAL BENEFITS UNDER NAIU'S INSURANCE POLICY** has on this the 19th day of May, 2004, been forwarded to the following:

Mr. Mark T. Curry
MARK T. CURRY & ASSOCIATES
510 Bering, Suite 300
Houston, TX 77057

Mr. Rex Blackburn
BLACKBURN & BURNS, L.L.P.
1101 W. River Street, Suite 220
P.O. Box 7808
Boise, ID 83707

Mr. Roman D. Esparza
WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, TX 78521

Mr. Mark D. Kamitomo
THE MARKAM GROUP, INC., P.S.
421 West Riverside, Suite 1060
Spokane, WA 99201

                                                             J. Arnold Aguilar