United States District Court
Southern District of Texas
FILED

JUN 25 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAQUEL O RODRIGUEZ, as legal guardian of JOSE RODRIGUEZ<br>Plaintiff,<br><br>vs.<br><br>RIDDELL, INC., et al<br><br>Defendants. | §<br>§<br>§   Civil Action No. B-96-cv-177<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NATIONAL ACCIDENT INSURANCE UNDERWRITERS' MOTION TO DISMISS WITH PREJUDICE

**COMES NOW,** National Accident Insurance Underwriters (also referred to herein as "NAIU"), Intervenor, and files its Motion to Dismiss NAIU only, from the above captioned lawsuit with prejudice. In support of this motion, NAIU would show the court the following;

1. In August of 1995, Jose Rodriguez was injured in a football game. Mr. Rodriguez, by and through his legal guardian, Raquel Rodriguez, filed this personal injury lawsuit against the football helmet manufacturers, Riddell, Inc., and other related Defendants.

2. National Accident Insurance Underwriters ("NAIU"), paid medical expenses to and/or on behalf of Jose Rodriguez pursuant to a health insurance policy for the Trustees of The Scholastic Insurance Trust. NAIU intervened into this lawsuit, asserting its right of subrogation as a result of the medical expenses that it paid.

3. On April 9, 1999 a jury returned a verdict in favor of Jose Rodriguez and his mother, Raquel Rodriguez. The verdict was appealed by Defendants, and the Fifth Circuit Court of Appeals reversed the judgment and remanded the matter for retrial.

4.   Prior to the re-trial of this matter, all parties reached a confidential agreement, which was approved by the court on June 19, 2001. As a result of the settlement, all claims against Defendants were dismissed with prejudice.

5.   Pursuant to the terms of the settlement agreement, NAIU recovered a portion of its subrogation claim, and agreed to continue paying medical benefits on behalf of Jose Rodriguez pursuant to the terms of the applicable insurance policy, until such time as the policy limits where exhausted.

6.   In March of 2003, an insurance adjuster handling the claim noted that the insurance policy in question was subject to a five-year expiration provision and that policy period had expired. Pursuant to the five-year provision, medical benefits being paid on behalf of Jose Rodriguez were terminated.

7.   On April 28, 2003, Plaintiffs filed a Petition to Enforce Settlement Agreement in this Court. At a hearing on Plaintiff's Motion to Enforce Settlement Agreement, the parties announced that they had reached an agreement wherein NAIU would resume coverage of Jose L. Rodriguez's medical benefits until the remaining benefits were exhausted.

8.   Subsequently, the attorneys and representatives for Jose Rodriguez and NAIU agreed to settle out Jose Rodriguez' right to future medical benefits under said policy for one lump sum payment of $100,000.00 and on May 7, 2004, the parties announced the settlement on the record before this Court. The settlement agreement has been signed by all parties and filed with the Court, and the settlement funds have been forwarded to the trustee for Jose Rodriguez.

9.   As NAIU has met all the provisions and terms of the settlement agreement, and has no further obligations to Jose Rodriguez under the insurance policy in question. As no further potential causes of action or claims exist herein against NAIU, it therefore requests this Court

dismiss all claims against NAIU with prejudice.

WHEREFORE, PREMISES CONSIDERED, Intervenor, National Accident Insurance Underwriters prays that all claims against it be dismissed with prejudice, and that each party abide by its own costs.

Respectfully submitted,

MARK T. CURRY & ASSOCIATES

Mark T. Curry
State Bar No. 05272580
510 Bering Drive, Suite 300
Houston, Texas 77057
Telephone: (713) 789-4900
Telecopier: (713) 789-4922

ATTORNEYS FOR INTERVENOR NATIONAL ACCIDENT INSURANCE UNDERWRITERS

### CERTIFICATE OF CONFERENCE

I certify that I forwarded a letter to opposing counsel, enclosing a copy Intervenor's proposed Motion to Dismiss with Prejudice, soliciting comments, proposed revisions and/or objections to the motion. To date, I have not received any response to Intervenor's proposed motion.

Mark T. Curry

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2004, instrument has been forwarded by United States certified mail, return receipt requested, and/or by express delivery service, and/or by facsimile transmission, and/or by hand delivery, to the following:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520

Mark D. Kamitomo
The Markam Group, Inc., P.S.
421 West Riverside, Suite 1060
Spokane, Washington 99201

Rex Blackburn
Blackburn & Burns, L.L.P.
1101 W. River Street, Suite 220
P. O. Box 7808
Boise, Idaho 83707

Roman D. Esparza
Willette & Guerra, L.L.P.
International Plaza
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78521

_____
Mark T. Curry